OPINION OF THE COURT
Albert H. Buschmann, J.
The Bowery Savings Bank has moved to dismiss the complaint for failure to state a cause of action. The plaintiffs have cross-moved for summary judgment.
On February 1, 1950, Arde Bulova, as the owner of certain property in Queens County, entered into a 99-year renewable lease with Park Drive Heights, Inc., and he also entered into a second 99-year renewable lease with Grand Central Parkway Gardens, Inc. Arde Bulova died on March 18, 1958. The tenants gave mortgages on their leasehold interests to the Bowery. On or about November 3,1979, the tenants assigned their interests to the Jewel Terrace Corporation, which subsequently filed for relief under chapter 11 of the Bankruptcy Code (US Code, tit 11). In 1982, the Bankruptcy Court ordered a foreclosure and sale of the *446 leasehold interests, and the Bowery was the purchaser for $3,100,000. By letter dated September 15, 1982, the Bowery gave notice to the plaintiffs, who now hold fee title to the subject property, that the Bowery would exercise options contained in the leases to purchase fee title. The options provided in substance that in the event that the tenants placed mortgages on their interests and in the event that the mortgagee acquired the leasehold interests, then the mortgagee had the right “to purchase good and marketable fee title to the demised premises.” The plaintiffs thereafter brought this action for a judgment declaring that the options violate New York’s rule against remoteness in vesting.
The New York rule against perpetuities has had two main branches. The first branch, which is currently expressed in EPTL 9-1.1 (subd [a]), is a rule against the suspension of the absolute power of alienation. “The absolute power of alienation is suspended when there are no persons in being by whom an absolute fee or estate in possession can be conveyed or transferred” (EPTL 9-1.1, subd [a], par [1]). The absolute power of alienation cannot be suspended for a period longer than lives in being at the creation of the estate and a term of not more than 21 years (EPTL 9-1.1, subd [a], par [2]). Both sides agree that the Bowery’s options do not violate the rule against the suspension of the absolute power of alienation. There were always persons in being who collectively could have conveyed an absolute fee (see Matter of City of New York (Upper N. Y. Bay], 246 NY 1).
The second main branch is a rule against remoteness in vesting, and the present New York version is expressed in EPTL 9-1.1 (subd [b]). That subdivision provides in relevant part: “No estate in property shall be valid unless it must vest, if at all, not later than twenty-one years after one or more lives in being at the creation of the estate and any period of gestation involved.”
In Buffalo Seminary v McCarthy (86 AD2d 435, 443) the Appellate Division, Fourth Department, held that EPTL 9-1.1 (subd [b]) “is intended to apply to a purchase option creating an interest which may vest beyond the permissible period.” On February 10, 1983, the Court of Appeals *447 affirmed Buffalo Seminary v McCarthy (supra) for the reasons stated in Parts I and II of the opinion at the Appellate Division (58 NY2d 867).
However, EPTL 9-1.1 (subd [b]) does not affect the validity of the Bowery’s options. EPTL 1-1.5 provides: “Unless otherwise stated therein, the provisions of this chapter apply to the estates, and to instruments making dispositions or appointments thereof, of persons living on its effective date or born subsequent thereto, without regard to the date of execution of any such instrument; except that the provisions of this chapter shall not impair or defeat any rights which have accrued under dispositions or appointments in effect prior to its effective date.” Arde Bulova, the grantor of the options, died in 1958; the EPTL took effect on September 1, 1967 (EPTL 14-3.1).
“[S]ince the EPTL is not retroactive (EPTL 1-1.5 and 14-l.l[b][l]), the law in effect at the time an interest was created (or purported to be created) will apply, for purposes of determining whether or not an interest violates either the rule against the too long suspension of the power of alienation or the rule against the too remote vesting of an interest” (4 Warren’s Weed, NY Real Property [4th ed], Perpetuities-Remoteness of Vesting and Suspension of the Power of Alienation, § 1, p 2, n 1). Buffalo Seminary v McCarthy (86 AD2d 435, affd 58 NY2d 867, supra) clearly states that the New York rule against remoteness in vesting did not apply to options prior to the enactment of former section 43 of the Real Property Law, which was added in 1965 and which later became EPTL 9-1.1 (subd [b]). “The New York rule against remoteness in vesting, however, prior to 1965, concerned only contingent remainders on terms of years and fees limited upon prior fees upon contingencies * * * and thus would not expressly have encompassed options to purchase.” (Buffalo Seminary v McCarthy, 86 AD2d 435, 440, affd 58 NY2d 867.) The Appellate Division stated further: “New York’s statutory rule against remote vesting between 1830 and 1965 was narrow and concerned only certain types of interests (viz., fees or less estates limited on fees on contingencies and contingent remainders on terms of years) * * * and could not reasonably have been construed to include options” *448 (Buffalo Seminary v McCarthy, 86 AD2d 435, 443, affd 58 NY2d 867, supra).
Thus, this court concludes that the Bowery’s options were valid under New York law as it existed at the time that the leases were drawn and as it existed on the date of Arde Bulova’s death.
Accordingly, the Bowery’s motion is granted and the plaintiffs’ cross motion is denied.