[641 NYS2d 423]

GEORGE J. DONZELLA et al., Appellants, v NEW YORK TELEPHONE COMPANY et al., Respondents.

Third Department, April 18, 1996

## APPEARANCES OF COUNSEL

*Andrew J. Fiore*, Pleasantville, for appellant.

*Joel Bossom*, New York City (*Richard H. Wagner*, White Plains, of counsel), for respondents.

## OPINION OF THE COURT

MERCURE, J.

In 1960, defendant New York Telephone Company (hereinafter NYT) had an option to purchase a parcel of property (hereinafter the property) in the Town of Clarkstown, Rockland County, owned by Marie Joyce. On June 17, 1960, NYT entered

into a contract with plaintiff George J. Donzella and John Donzella (who thereafter died, his interest passing to plaintiff Judith Ammazzalorso), the owners of an adjoining parcel of property, under the terms of which (1) NYT conveyed to the Donzellas its option to purchase the property, (2) the Donzellas exercised the option, purchased the property and made specified improvements to it, (3) NYT leased the property from the Donzellas for an initial term of 10 years, with the privilege of renewing the lease for up to nine additional 10-year terms, and (4) NYT was granted the option of purchasing the property at a price not exceeding $25,000 "at any time after the expiration of the ten year original term". Finally, the June 17, 1960 agreement provided, in clause "TWELFTH" thereof, that "should [NYT] during the term of this lease or any extension thereof desire buildings or other improvements to be erected on [the property], including storage facilities and buildings, [the Donzellas] agree to provide same under an amendment to this lease".

In August 1988, during a renewal term of the lease, NYT entered into a series of agreements with defendants Siegfried Benzel and Nancy Benzel under the terms of which NYT was to exercise its option to purchase the property and convey the property to the Benzels, who would then make specified improvements (including the construction of an 8,000-square-foot "garage-type facility") and lease the property back to NYT. In furtherance of that plan, in September 1988 NYT notified plaintiffs of its exercise of its purchase option and tendered the $25,000 maximum purchase price. Plaintiffs refused to convey title to the property, contending that the option was exercisable only at the expiration of the initial 10-year lease term "and within a reasonable period thereafter", that any other construction of the June 17, 1960 agreement would violate the Rule against Perpetuities, and that, by entering into the contract with the Benzels, NYT violated clause "TWELFTH" of the agreement, which, plaintiffs asserted, gave them the exclusive right to make any improvements to the property. The Benzels then brought an action against NYT and plaintiffs, seeking to compel determination of title to the property and specific performance of their August 1988 agreements with NYT. Ultimately, Supreme Court entered an order in April 1992 declaring, as relevant here, that the August 1988 agreements were unenforceable.

In February 1994, plaintiffs commenced this action pursuant to RPAPL article 15 for declarations that (1) the June 17, 1960

lease agreement is null and void, (2) the purchase option contained therein is void as violative of the Rule against Perpetuities and NYT is barred from exercising it, and (3) plaintiffs hold the property free and clear of any claims by defendants. Defendants counterclaimed for judgment pursuant to RPAPL article 15 enforcing the purchase option. Following joinder of issue, NYT moved and the Benzels cross-moved for summary judgment dismissing the complaint and for judgment on the counterclaim. Plaintiffs cross-moved for summary judgment for the relief demanded in the complaint. Supreme Court granted defendants' motions and denied plaintiffs' motion. Plaintiffs appeal.

We affirm. Initially, in view of the provisions of the June 1960 contract that, with the exception of the monthly rental charge, extensions of the lease shall be "upon the same terms, conditions, covenants and agreements" as provided in connection with the initial lease term and, further, that "at any time after the expiration of the ten year original term of this agreement [NYT] may purchase [the property] at a price not to exceed [$25,000]", we conclude that the agreement is neither ambiguous nor susceptible to plaintiffs' construction, which would limit exercise of the option to a reasonable period of time following the initial lease term. To the contrary, the contract language permits no reasonable construction other than that propounded by defendants and credited by Supreme Court, permitting NYT's exercise of its option during any renewal term of the lease. We are similarly unpersuaded that clause "TWELFTH" of the 1960 contract barred NYT's agreement with the Benzels for construction of a building on the property following the termination of plaintiffs' interest in the property.

Nor are we persuaded that the purchase option violates the Rule against Perpetuities. First, because the owners of the property and NYT could at all times have acted together and conveyed fee absolute in the property, the option does not impermissibly suspend the power of alienation (see, Matter of City of New York [Staten Is. Ry. Co.], 246 NY 1, 29-30, cert denied sub nom. Greater N. Y. Dock & Warehouse Co. v Stapleton Dock & Warehouse Corp., 276 US 626; Buffalo Seminary v McCarthy, 86 AD2d 435, 438-439, affd 58 NY2d 867). Second, under the statute in existence at the time the interest was created in 1960 (see, EPTL 1-1.5; Landmark Capital Co. v Bowery Sav. Bank, 119 Misc 2d 445, 447), prior to the enactment of the broad rule against remote vesting that took effect September 1,

1965 (*see*, Real Property Law former § 43, added by L 1965, ch 670, repealed Sept. 1, 1967), the "rule against remoteness in vesting * * * concerned only contingent remainders on terms of years and fees limited upon prior fees upon contingencies * * * and thus would not expressly have encompassed options to purchase" (*Buffalo Seminary v McCarthy, supra*, at 440). Third, in view of the commercial motivation for the grant of the purchase option and the fact that the Donzellas acquired title to the property as part of the very same financial scheme as brought it into existence, we conclude that the option did not violate the common-law rule against unreasonable restraints on the alienation of property (*see, Wildenstein & Co. v Wallis*, 79 NY2d 641, 648, 651-652).

MIKOLL, J. P., CREW III, YESAWICH JR. and PETERS, JJ., concur.

Ordered that the order is affirmed, with costs.