■ BINGHAMTON PLAZA, INC., Appellant, v FASHION BUG #2470 OF BINGHAMTON, INC., et al., Respondents. [661 NYS2d 683] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Coutant, J.), entered June 7, 1996 in Broome County, which, inter alia, granted defendants' motion for summary judgment dismissing the complaint.

Defendant Fashion Bug #2470 of Binghamton, Inc. (hereinafter defendant) is a retailer of women's clothes and sells large and half-size clothing as part of its merchandise. In September 1991, defendant leased commercial space from plaintiff in a shopping plaza located in the City of Binghamton, Broome County. Defendant subsequently discovered that plaintiff had leased space in the same plaza to a retail store known as One Price Clothing, which also sells large and half-size women's clothing. Upon making this discovery, defendant notified plaintiff that, pursuant to the terms of its lease, its rental payments would be markedly reduced. Plaintiff, however, disagreed with defendant's interpretation of the relevant lease provision, insisting that the presence of the One Price Clothing store did not trigger defendant's right to decrease its payments.

When the parties' dispute could not be resolved, plaintiff

commenced this action against defendant and the guarantor of the lease for, *inter alia*, unpaid rent. Following joinder of issue, defendants moved for summary judgment dismissing the complaint. In turn, plaintiff cross-moved for summary judgment for the amount demanded in the complaint and for leave to amend the complaint to add a cause of action for termination of the lease. Supreme Court, granted defendants' motion and denied plaintiff's cross motion, prompting this appeal.

The controversy centers on section 12.17 of the lease, which provides, in pertinent part, as follows: "Upon the commencement of operation in the Shopping Center or any expansion thereof of (a) any retail store selling large or half-size women's clothing and/or apparel * * * or (b) any retail store selling popular to moderate priced * * * junior, missy or women's clothing and/or apparel containing 3000 square feet or more of space, Tenant shall have the option * * * of either (1) terminating the within lease or, (2) remaining on the Leased Premises and paying, in lieu of Fixed Minimum Rent, Percentage Rent, Additional Rents and all other charges and payments due hereunder * * * a sum equal to One ($1.00) Dollar per square foot per year effective the date of the commencement of operation in the Shopping Center of the store or stores described in subsections (a) or (b) above." Plaintiff maintains that its leasing of space to One Price Clothing did not entitle defendant to invoke this provision because that tenant's operation did not encompass more than 3,000 square feet.

Plaintiff's argument presumes that the 3,000-square-foot limitation is applicable to those stores described in both subsections (a) and (b). We disagree. The limiting language is specifically contained within subsection (b) and applies to the stores described therein. It is illogical to interpret such language as relating back to subsection (a), an entirely distinct subsection separated from subsection (b) by use of the conjunction "or". Moreover, as noted by Supreme Court, if the space limitation had been intended to apply to all competing enterprises, there would have been no need to create separate, lettered subsections. Since the subject provision is neither ambiguous nor susceptible to the interpretation urged by plaintiff (*see, Donzella v New York Tel. Co.*, 218 AD2d 482, 485, *lv denied* 88 NY2d 812), Supreme Court properly granted defendants' motion for summary judgment. Our disposition makes it unnecessary to address plaintiff's remaining contention.

Mikoll, J. P., Mercure, Crew III and Casey, JJ., concur. Ordered that the order is affirmed, with costs.