from a judgment of the Supreme Court, Nassau County (Thorp, J.), rendered March 23, 1989, convicting him of criminal sale of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no meritorious issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see, Anders v California, 386 US 738; People v Paige, 54 AD2d 631; cf., People v Gonzalez, 47 NY2d 606). Brown, J. P., Kunzeman, Eiber and Miller, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN M. McALEAVEY, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Namm, J.), rendered January 6, 1987, convicting him of unlawful operation of a motor vehicle while under the influence of alcohol as a felony (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, following a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgment is affirmed.

With respect to the defendant's claim that the hearing court improperly refused to suppress statements made by him during a traffic stop by the police, we find that the events occurring between the stop and the defendant's arrest cannot be characterized as the functional equivalent of a custodial situation requiring Miranda warnings (see, Miranda v Arizona, 384 US 436; Berkemer v McCarty, 468 US 420; People v Mathis, 136 AD2d 746).

We further find that the court's Sandoval ruling (People v Sandoval, 34 NY2d 371), which permitted the prosecutor to cross-examine the defendant with respect to similar convictions of driving while impaired or intoxicated was proper. The mere fact the defendant has committed crimes similar to the ones charged does not automatically preclude the prosecutor from using evidence of such crimes for impeachment purposes (see, People v Salcedo, 133 AD2d 129). In this case, the prior convictions were highly relevant on the issue of credibility and demonstrated the defendant's willingness to deliberately further his self-interest at the expense of society (see, People v McAleavey, 133 Misc 2d 987).

Finally, we disagree with the defendant's claim that the

prosecutor's summation resulted in prejudicial error which deprived him of a fair trial. Although the Assistant District Attorney stated in summation that the defendant's witness was a thief, there was no testimony that this witness actually took another's property. The statement, however, was harmless, as the court immediately took curative action to ameliorate any prejudicial effect (see, People v Roopchand, 65 NY2d 837; People v Robinson, 137 AD2d 564). Mangano, J. P., Thompson, Bracken and Rubin, JJ., concur.