■ LISA OTERO, Appellant, v RODNEY HYATT, Respondent. [652 NYS2d 100] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Putnam County (Dickinson, J.H.O.), dated July 25, 1995, which, upon a jury verdict in favor of the defendant and against her, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

This negligence action arises from an incident which occurred late in the evening of August 29, 1991, when the

plaintiff allegedly fell out of the defendant's moving car as she proceeded to open the door with the intention of quickly and properly reclosing it. Although the defendant's vehicle was equipped with seat belts, the plaintiff was not wearing one at the time. At the conclusion of trial, the jury rendered a verdict in favor of the defendant, finding that although he was negligent, his negligence was not a proximate cause of the plaintiff's injuries.

The plaintiff contends that the verdict was against the weight of the evidence. We disagree. A verdict in favor of a defendant should not be set aside unless "the jury could not have reached its verdict on any fair interpretation of the evidence" (*Delgado v Board of Educ.*, 65 AD2d 547, *affd* 48 NY2d 643; *Nicastro v Park*, 113 AD2d 129, 134).

The plaintiff's remaining contentions are either unpreserved for appellate review (*see,* CPLR 4110-b) or without merit. Mangano, P. J., Bracken, Copertino and Pizzuto, JJ., concur.