■ STEVEN T. SCOTTO, Appellant, v ROBERT DADDARIO et al., Respondents. [652 NYS2d 311] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Adams, J.), entered October 30, 1995, which, upon a jury verdict, is in favor of the defendants and against him dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

Contrary to the plaintiff's argument, it did not constitute reversible error for the Supreme Court to deny his motion in limine to preclude the defendants from using evidence of his misdemeanor and felony convictions for driving while under the influence of alcohol for impeachment purposes in accordance with CPLR 4513 (see generally, Vehicle and Traffic Law §§ 155, 1192 [2], [3]; § 1193 [1] [b], [c]).

We have held that in a criminal prosecution for driving while under the influence of alcohol as a felony "[t]he mere fact the defendant committed crimes similar to the one charged does not automatically preclude the prosecutor from using evidence of such crimes for impeachment purposes" (People v McAleavey, 159 AD2d 646). In McAleavey we concluded that "the prior convictions were highly relevant on the issue of credibility and demonstrated the defendant's willingness to deliberately further his self-interest at the expense of society" (People v McAleavey, supra, at 646; see also, CPLR 4513; Sansevere v United Parcel Serv., 181 AD2d 521, 522-523; cf., People v Noonan, 220 AD2d 811; People v Moore, 202 AD2d 966; People v Marr, 177 AD2d 964). Accordingly, the use of the prior criminal convictions to impeach the credibility of the plaintiff in this civil case was permissible notwithstanding that there was an issue with respect to his sobriety at the time of the accident which gave rise to this action.

We find unpersuasive the plaintiff's contention that he was deprived of a fair trial by the trial court's conduct. There is no evidence that any actions on the part of the trial court were at the expense of the plaintiff or that there was any prejudice to the plaintiff. O'Brien, J. P., Copertino, Santucci and Luciano, JJ., concur.