prepared, and to provide them to defendant (*see, Kelly v Tarnowski,* 213 AD2d 1054, 1055; *Pierson v Yourish,* 122 AD2d 202, 203). Having placed his physical condition in controversy, plaintiff "may not insulate from disclosure material necessary to the defense concerning that condition" (*Hoenig v Westphal,* 52 NY2d 605, 610). Therefore, having determined that plaintiff failed to comply with defendant's discovery demand, we reverse the order and remit the matter to Supreme Court for further proceedings on defendant's motion (*see,* CPLR 3126). (Appeal from Order of Supreme Court, Erie County, LaMendola, J.—Discovery.) Present—Hayes, J. P., Scudder, Kehoe and Lawton, JJ.

■ ARNETTA HICKLIN, Appellant, v SCOTT C. LADUCA et al., Respondents. (Appeal No. 1.) [715 NYS2d 826] —Judgment unanimously affirmed without costs. Memorandum: Supreme Court properly granted defendants' motions for a directed verdict at the close of proof on the ground that plaintiff failed to establish a prima facie case of serious injury within the meaning of Insurance Law § 5102 (d). Plaintiff's treating orthopedist testified that plaintiff did not sustain the injuries set forth in plaintiff's initial bill of particulars, and that the injury specified in plaintiff's supplemental bill of particulars was not caused by the accident. Plaintiff's case thus was based entirely on plaintiff's subjective complaints of pain and limitation, which are insufficient to establish serious injury (*see, Scheer v Koubek,* 70 NY2d 678, 679; *Mohamed v Dhanasar,* 273 AD2d 451), and on the testimony of plaintiff's treating family practitioner, who failed to establish the extent of plaintiff's disability or relate it to the accident (*see, Latiuk v Cona,* 272 AD2d 988; *Lichtman-Williams v Desmond*, 202 AD2d 646, 646-647, *lv dismissed* 84 NY2d 849). The court did not err in restricting the testimony of plaintiff's family practitioner as a consequence of plaintiff's failure to make required disclosures. We have considered plaintiff's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Erie County, Michalek, J.—Negligence.) Present—Hayes, J. P., Scudder, Kehoe and Lawton, JJ.

■ ARNETTA HICKLIN, Appellant, v SCOTT C. LADUCA et al., Respondents. (Appeal No. 2.) [716 NYS2d 630] —Judgment unanimously affirmed without costs. Same Memorandum as in *Hicklin v LaDuca* (277 AD2d 966 [decided herewith]). (Appeal from Judgment of Supreme Court, Erie County, Michalek, J.—Negligence.) Present—Hayes, J. P., Scudder, Kehoe and Lawton, JJ.

■ RICO ARGENTIERI et al., Appellants, v MARY A. STABLER, Respondent. [716 NYS2d 629] —Order unanimously affirmed