ROBERT D. SAUER, Respondent, v DORIAN A. DIAZ et al., Appellants. (Action No. 1.) DORIAN A. DIAZ et al., Appellants, v ROBERT D. SAUER, Respondent. (Action No. 2.) [753 NYS2d 631] —Appeal from an order and judgment (one document) of Supreme Court, Erie County (Howe, J.), entered November 19, 2001, which granted the motion of Robert D. Sauer for judgment as a matter of law pursuant to CPLR 4401 following a bifurcated trial on the issue of liability.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied and a new trial is granted on the issue of liability only.

Memorandum: These consolidated actions arise from a motor vehicle accident that occurred when Dorian A. Diaz (Diaz) attempted to turn left at an intersection and was struck by an oncoming vehicle operated by Robert D. Sauer. Supreme Court granted Sauer's motion for judgment as a matter of law pursuant to CPLR 4401 following the bifurcated trial on the issue of liability, determining that "the sole and proximate cause of the accident was the negligence of [Diaz]." That was error. A motion for judgment as a matter of law should be granted only if, upon viewing the evidence in the light most favorable to the nonmoving party, the trial court finds that "there is no rational process by which the [trier of fact] could base a finding in favor of the nonmoving party" (*Szczerbiak v Pilat*, 90 NY2d 553, 556). Here, there is a rational process by which it could be found that Sauer was also negligent and that Sauer's negligence was a contributing cause of the accident. There was eyewitness testimony that Sauer accelerated his vehicle when the light turned yellow and entered the intersection and struck the vehicle operated by Diaz as the light turned red. A jury could reasonably find that Sauer was confronted with a "sudden and unforeseen occurrence * * * of [his] own making" (*Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327, *rearg denied* 77 NY2d 990), arising from his attempt to drive through the intersection before the light turned red. We therefore reverse the order and judgment, deny Sauer's motion and grant a new trial on the issue of liability only.

In view of our determination, we do not address the remaining contentions raised by Diaz and his wife. We note, however, that the court should have allowed counsel for Diaz and his wife to refresh the memory of a witness with a police report. "A witness may, for the purpose of refreshing his memory, use any memorandum, whether made by himself or another" (*People v Goldfeld*, 60 AD2d 1, 11, *lv denied* 43 NY2d 928). We further note that the court erred in failing to recognize that it may in its discretion permit the use of a prior conviction for driving while under the influence of alcohol to impeach the credibility of a party who testifies at trial (*see Scotto v Daddario*, 235 AD2d 470). Present—Hayes, J.P., Wisner, Hurlbutt, Scudder and Gorski, JJ.