■ CATHERINE M. MCCABE, Respondent, v THOMAS M. BOYCE, Appellant, and RACHEL A. ORTIZ et al., Respondents. (Appeal No. 1.) [770 NYS2d 495]—

Appeal from an order of Supreme Court, Erie County (Notaro, J.), entered February 13, 2003, which, inter alia, denied the motion of defendant Thomas M. Boyce for summary judgment dismissing the complaint against him.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying that part of the cross motion seeking a determination that the negligence of defendant Thomas M. Boyce was the sole proximate cause of plaintiff's injuries and vacating the determination that plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) and as modified the order is affirmed without costs.

Memorandum: These actions arise out of a motor vehicle accident in the City of Buffalo between a vehicle driven by Rachel A. Ortiz (Ortiz) and owned by her mother, Dorothy R. Ortiz, and one driven by Thomas M. Boyce. Catherine M. McCabe was a passenger in Ortiz's vehicle. As Ortiz, who was not exceeding the speed limit, attempted to drive through an intersection at which Boyce's vehicle was stopped with its blinker on to turn left, Boyce drove into Ortiz's vehicle, injuring both Ortiz and McCabe. Boyce left the scene of the accident, and subsequently pleaded guilty to driving while intoxicated. He has no recollection of the accident because of his intoxication.

McCabe commenced a personal injury action against Boyce, Ortiz and Ortiz's mother (appeal No. 1). In that action, Boyce moved for summary judgment dismissing the complaint against him on the ground that McCabe did not sustain a serious injury, and Ortiz and her mother cross-moved for summary judgment dismissing McCabe's complaint against them. Ortiz also commenced a separate personal injury action against Boyce (appeal No. 2). In that action, Boyce moved for summary judgment dismissing Ortiz's complaint on the ground that Ortiz did not sustain a serious injury, and Ortiz cross-moved for partial summary judgment on liability. The two actions were subsequently consolidated by stipulation of the parties.

Supreme Court properly determined that Boyce's negligence was the sole proximate cause of the accident, and thus properly granted the cross motions in both appeals. The evidence submitted in support of both cross motions establishes that Boyce turned left into Ortiz's lane without yielding the right of way, and that Ortiz was traveling through the intersection at the speed limit when the accident occurred. Boyce testified at his examination before trial that he was intoxicated while he was driving and that he does not remember seeing Ortiz's car, and

McCabe failed to raise an issue of fact whether Ortiz was comparatively negligent. Consequently, no triable issue of fact exists whether Boyce's negligence was the sole proximate cause of the accident (*see Kelsey v Degan*, 266 AD2d 843 [1999]). The court erred, however, in determining that Boyce's negligence was the sole proximate cause of the injuries sustained by McCabe and Ortiz. The evidence establishes that McCabe and Ortiz failed to wear their seat belts and, consequently, issues of fact exist whether McCabe and Ortiz contributed to their own injuries (*see* Vehicle and Traffic Law § 1229-c [8]; *Otero v Hyatt*, 235 AD2d 407, 408 [1997]). The court also erred in appeal No. 1 in sua sponte determining as a matter of law that McCabe sustained a serious injury, inasmuch as issues of fact exist concerning the severity of the injuries that she sustained.

In appeal No. 2, the court properly granted that part of the cross motion of Ortiz seeking a determination that Ortiz sustained a qualifying injury under the 90/180 category of serious injury (*see* Insurance Law § 5102 [d]), and properly denied that part of Boyce's motion seeking a determination that Ortiz did not sustain a qualifying injury under that category. The evidence submitted by Ortiz establishes that she was out of work from March 9, 2000 to June 16, 2000 because of her injuries. Ortiz also submitted an affidavit from a physician stating that the injuries to her ankle, head, chest and ribs prevented Ortiz from performing her usual activities for at least 90 days. That evidence is sufficient to sustain Ortiz's burden with respect to the 90/180 claim, and Boyce failed to raise an issue of fact. However, the court erred in denying that part of Boyce's motion seeking summary judgment dismissing Ortiz's claims under the significant disfigurement category. The evidence submitted by Ortiz herself establishes that she did not sustain a significant disfigurement, inasmuch as she testified at her deposition that the scar on her forehead was "very, very slight." Finally, we conclude that there are issues of fact with respect to the remaining disputed categories of serious injury, and thus, to the extent that the court granted Ortiz's cross motion with respect to those claims, that was error.

Consequently, we modify the order in appeal No. 1 by denying that part of the cross motion seeking a determination that Boyce's negligence was the sole proximate cause of McCabe's injuries and vacating the determination that McCabe sustained a serious injury. We modify the order in appeal No. 2 by granting the motion in part, dismissing Ortiz's claim under the significant disfigurement category, denying the cross motion in part and vacating the determinations that Boyce's negligence

was the sole proximate cause of Ortiz's injuries and that Ortiz sustained a serious injury under the permanent injury, significant limitation of use and significant disfigurement categories. Present—Pine, J.P., Wisner, Kehoe, Gorski and Lawton, JJ.