■ BETHANY J. WHITFORD, Plaintiff, v JEFFREY M. CARLSON, Respondent, and JOHN M. MATTEO et al., Appellants, et al., Defendants. [796 NYS2d 830]—

Appeal from an order of the Supreme Court, Chautauqua County (Frederick J. Marshall, J.), entered June 29, 2004. The order granted the motion of defendant Jeffrey M. Carlson for summary judgment dismissing the complaint and cross claims against him.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied, and the complaint and cross claims against defendant Jeffrey M. Carlson are reinstated.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained while a passenger in a vehicle operated by defendant Jeffrey M. Carlson. The vehicle driven by Carlson collided with a vehicle operated by defendant John M. Matteo (Matteo) and owned by defendant Marcia G. Matteo. The Matteos appeal from an order granting the motion of Carlson for summary judgment dismissing the complaint and

cross claims against him. We agree with the Matteos that Supreme Court erred in granting the motion. Carlson and Matteo were traveling in opposite directions on Main Street and their vehicles collided when Matteo made a left-hand turn at an intersection that was controlled by a traffic light. Carlson testified at his deposition that the light was green as he approached the intersection and that he had no time to react when Matteo suddenly turned left in front of his vehicle. Carlson had just exited a parking lot and had made a left-hand turn onto Main Street shortly before reaching the intersection. Carlson testified at his deposition that the parking lot was only 30 to 35 yards from the intersection, and Matteo testified that the parking lot was "right there[,] . . . [r]ight off the intersection." According to the deposition testimony of Matteo, the light was green as he approached the intersection, and he stopped to wait for the traffic to clear in order to make his turn. He testified that the traffic cleared, the light turned yellow, and he started to make his left-hand turn when the collision with Carlson's vehicle occurred. He testified that, although he saw Carlson's vehicle in the parking lot, he never saw Carlson's vehicle in front of his vehicle at the intersection before the accident occurred. Based on Matteo's deposition testimony, we conclude that the court erred in determining that Carlson is entitled to judgment as a matter of law (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). In view of the undisputed evidence that Carlson had just entered Main Street and in view of Matteo's deposition testimony that the traffic light was yellow at the time of the collision, there is a triable issue of fact whether Carlson used reasonable care when proceeding into the intersection (*see Sauer v Diaz*, 300 AD2d 1136 [2002]; *Doctor v Juliana*, 277 AD2d 1013 [2000]). Present—Martoche, J.P., Smith, Lawton and Hayes, JJ.