■ DEBORAH STRASBURG, Respondent, v EVAN R. CAMPBELL et al., Respondents, and FERNANDO CIPOLLITTI et al., Appellants. [816 NYS2d 627]—

Appeal from an order of the Supreme Court, Erie County (Christopher J. Burns, J.), entered July 12, 2005 in a personal injury action. The order, insofar as appealed from, denied the motion of defendants Fernando Cipollitti and Stella M. Cipollitti for summary judgment dismissing the complaint and all cross claims against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when the vehicle in which she was a passenger collided with a vehicle operated by Fernando Cipollitti and owned by Stella M. Cipollitti (defendants). Supreme Court properly denied the motion of defendants for summary judgment dismissing the complaint and all cross claims against them. In support of their motion, defendants submitted the deposition testimony of Fernando wherein he testified that the collision occurred when defendant Evan R. Campbell, the driver of the vehicle in which plaintiff was a passenger, disregarded a red light and struck Fernando's vehicle as it entered the intersection with the green light. According to the deposition testimony of Fernando submitted in opposition to defendants' motion, however, Fernando further testified that, as he was making a left turn from the right lane, there was a vehicle to his left that was also making a left turn and his ability to see the traffic entering the intersection from the west therefore was impaired. It is well settled that, even where a vehicle enters an intersection with a green light, the driver may nevertheless be found negligent if he or she fails to use "reasonable care when proceeding into the intersection" (*Doctor v Juliana*, 277 AD2d 1013, 1014 [2000]; see Vehicle and Traffic Law § 1180 [a], [e]; *see also* § 1113 [b]). A driver "cannot blindly and wantonly enter an intersection" (*Greco v Boyce*, 262 AD2d 734, 735 [1999]) but, rather, is " 'bound to use such care to avoid [a] collision as an ordinarily prudent [motorist] would have used under the circumstances' " (*Walker v Dartmouth Plan Leasing Corp.*, 180 AD2d 952, 953 [1992]; see *Cooley v Urban*, 1 AD3d 900 [2003]; *King v Washburn*, 273 AD2d 725, 726 [2000]). Thus, there is an issue of fact whether Fernando was negligent, precluding summary judgment (*see generally Zuckerman v City*

*of New York*, 49 NY2d 557, 562 [1980]). Present—Gorski, J.P., Martoche, Smith, Green and Pine, JJ.