■ Yvonne Downs, Individually and as Parent and Natural Guardian of K.D., Appellant, v David Kehoe, as Executor of Jack H. Kehoe, Deceased, Respondent and Third-Party Plaintiff. Anthony J. Berger, Third-Party Respondent. [834 NYS2d 787]—

Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered May 11, 2006 in a personal injury action. The order granted defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and

the same hereby is unanimously modified on the law by denying the motion in part and reinstating the complaint, as amplified by the bill of particulars, with respect to the 90/180 category of serious injury within the meaning of Insurance Law § 5102 (d) and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for, inter alia, injuries she sustained in a motor vehicle accident, and defendant moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Supreme Court properly granted defendant's motion with respect to the significant limitation of use category of serious injury. Defendant met his initial burden with respect to that category, and the affidavits in opposition of plaintiff and her treating physician, both of which were based on plaintiff's subjective complaints of pain, failed to raise an issue of fact with respect to that category (*see Scheer v Koubek*, 70 NY2d 678, 679 [1987]; *Cullen v Treen*, 30 AD3d 1086, 1087 [2006]; *Constantine v Serafin*, 16 AD3d 1145, 1146 [2005]; *Hicklin v LaDuca* [appeal No. 1], 277 AD2d 966 [2000]).

We further conclude, however, that defendant failed to meet his initial burden with respect to the 90/180 category of serious injury and thus that the court erred in granting defendant's motion with respect to that category. We therefore modify the order accordingly. Indeed, "defendant['s] own submissions raise a triable issue of fact whether plaintiff suffered a qualifying injury under the 90/180 category" (*Zeigler v Ramadhan*, 5 AD3d 1080, 1081 [2004]). "To qualify as a serious injury under [that] category, there must be objective evidence of a medically determined injury or impairment of a non-permanent nature . . . as well as evidence that plaintiff's activities were curtailed to a great extent" (*id.* [internal quotation marks omitted]; *see Licari v Elliott*, 57 NY2d 230, 236 [1982]). Here, defendant submitted evidence establishing that, within the requisite time period, plaintiff suffered mild to moderate restriction in various ranges of motion in her cervical and lumbar spine, which was verified through objective diagnostic testing and was manifested in spasms that were "objectively ascertained" (*Nitti v Clerrico*, 98 NY2d 345, 357; *see Zeigler*, 5 AD3d at 1081). Defendant also submitted evidence establishing that two of plaintiff's treating physicians determined that plaintiff was "temporarily totally disabled" within the first 180 days after the accident, and thus defendant's submissions raise a triable issue of fact whether plaintiff was prevented from performing her usual and customary activities during the requisite time period (*see Zeigler*, 5

AD3d at 1081; *see also McCabe v Boyce*, 2 AD3d 1375, 1377 [2003]; *Temple v Doherty*, 301 AD2d 979, 983 [2003]; *cf. Parkhill v Cleary*, 305 AD2d 1088, 1089-1090 [2003]). Present—Gorski, J.P., Centra, Lunn, Peradotto and Pine, JJ.