MARIE HALBINA, Individually and as Legal Guardian of M.H, an Infant, Appellant, v WILLIAM C. BREGE et al., Appellants, and JAMES T. BUCKI et al., Respondents. (Action No. 1). ERIC BREGE, Appellant, v MEGAN BREGE et al., Appellants, and JAMES T. BUCKI et al., Respondents. (Action No. 2.) (And Two Other Actions.) [838 NYS2d 288]—

Appeals from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered December 29, 2005 in three personal injury actions. The order granted the motion of defendants James T. Bucki and International Waste Removal, Inc. for summary judgment dismissing the complaints and cross claims in action Nos. 1 and 2 against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied and the complaints and cross claims in action Nos. 1 and 2 against defendants James T. Bucki and International Waste Removal, Inc. are reinstated.

Memorandum: Marie Halbina, individually and as legal guardian of her son, commenced action No. 1 seeking damages for injuries sustained by her son while he was a passenger in a vehicle that was operated by Megan D. Brege and owned by William C. Brege, defendants in action Nos. 1 and 2. Plaintiff Eric Brege, another passenger in the Brege vehicle, commenced action No. 2 seeking damages for injuries he sustained. The Brege vehicle collided with a vehicle operated by James T. Bucki (Bucki) and owned by his employer, International Waste Removal, Inc., also defendants in action Nos. 1 and 2 (collectively, defendants). Both vehicles were traveling on Route 5 in the Town of Hamburg, one eastbound and the other westbound, and the collision occurred when Megan Brege made a left turn onto Lakeview Road into the path of Bucki's vehicle as it entered the intersection of Lakeview Road and Route 5 with a green light. Defendants moved for summary judgment dismiss-

ing the complaints and all cross claims in action Nos. 1 and 2 against them on the ground that the failure of Megan Brege to yield the right of way at the intersection was the sole proximate cause of the accident. We conclude that Supreme Court erred in granting defendants' motion.

In support of their motion, defendants submitted the deposition testimony of Eric Brege, who testified that Bucki was traveling at or over the speed limit as he entered the intersection and that he appeared to be "[l]ooking down." He further testified that Bucki shifted from the left lane to the right lane of the highway before entering the intersection. Defendants also submitted the deposition testimony of Bucki, who testified that there was at least one vehicle in the left lane of travel that was ahead of his vehicle after he had shifted to the right lane. "To grant summary judgment it must clearly appear that no material and triable issue of fact is presented . . . [, and t]his drastic remedy should not be granted where there is any doubt as to the existence of such issues" (*Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 [1957], *rearg denied* 3 NY2d 941 [1957]). "It is well settled that, even where a vehicle enters an intersection with a green light, the driver may nevertheless be found negligent if he or she fails to use 'reasonable care when proceeding into the intersection' " (*Strasburg v Campbell*, 28 AD3d 1131, 1132 [2006]; *see* Vehicle and Traffic Law § 1180 [a], [e]). Although it is undisputed that the vehicle operated by Megan Brege turned left in front of Bucki's vehicle at the intersection, defendants' own submissions in support of the motion raise an issue of fact whether Bucki failed to use reasonable care when proceeding into the intersection (*see Strasburg,* 28 AD3d at 1132-1133; *Whitford v Carlson*, 19 AD3d 1177 [2005]; *Cooley v Urban*, 1 AD3d 900, 901 [2003]). Present— Hurlbutt, J.P., Centra, Fahey, Peradotto and Pine, JJ.