■ Sandra Conti, Plaintiff, and Timothy Conti, Appellant, v David F. Schwab et al., Respondents. [900 NYS2d 819]—

Appeal from an order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered February 5, 2009 in a personal injury action. The order, inter alia, denied the motion of plaintiff Timothy Conti for summary judgment dismissing the counterclaim against him.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages sustained by plaintiff Sandra Conti when the vehicle operated by Timothy Conti (plaintiff) and in which she was a pas-

senger collided with a vehicle owned by defendant Jamie L. Schwab and operated by David F. Schwab (defendant). Defendants asserted a counterclaim against plaintiff, alleging that he was negligent in the operation of his vehicle. Contrary to the contention of plaintiff, we conclude that Supreme Court properly denied his motion for summary judgment dismissing the counterclaim.

In support of the motion, plaintiff submitted evidence that, as he was traveling southbound and approaching the intersection in question, the traffic signal turned yellow when he was "maybe just a few car lengths away." At the time plaintiff entered the intersection, defendant's vehicle was traveling northbound "in the turning lane out in the intersection." When defendant's vehicle began to turn, it collided with plaintiff's vehicle. Plaintiff also submitted evidence establishing that the other lanes of southbound traffic had come to a complete stop before he entered into the intersection. We thus conclude that, by his own submissions, plaintiff raised triable issues of fact whether he entered the intersection when the traffic signal was turning red or whether he failed to use reasonable care in entering the intersection against a yellow signal (*see e.g. Whitford v Carlson*, 19 AD3d 1177 [2005]; *Sauer v Diaz*, 300 AD2d 1136 [2002]). Inasmuch as plaintiff failed to meet his initial burden of establishing his entitlement to judgment as a matter of law, the burden never shifted to defendants to raise a triable issue of fact (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Present—Smith, J.P., Carni, Lindley, Sconiers and Pine, JJ.