■ JAMES T. WALTZ, Respondent, v MARY S. VINK, Appellant. [910 NYS2d 800]—

Appeal from an order of the Supreme Court, Ontario County (Frederick G. Reed, A.J.), entered September 16, 2009 in a personal injury action. The order granted the motion of plaintiff for partial summary judgment on the issue of liability.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when the motorcycle he was driving collided at an intersection with a vehicle operated by defendant. Plaintiff was traveling northbound when his motorcycle was struck by defendant's southbound vehicle, as defendant was attempting to turn left. Supreme Court properly granted plaintiff's motion for partial summary judgment on liability.

Plaintiff met his initial burden by establishing as a matter of law " 'that the sole proximate cause of the accident was defend-

ant's failure to yield the right of way' to plaintiff" (*Guadagno v Norward*, 43 AD3d 1432, 1433 [2007]). According to the deposition testimony of plaintiff, he first saw defendant's vehicle turning left into his lane of travel when it was 20 feet away. Defendant testified at her deposition that she stopped her vehicle at the intersection in question and that, although she observed traffic approaching in the opposite lane, she believed that she had ample time in which to make a left-hand turn. Based on the parties' deposition testimony, we conclude that plaintiff established as a matter of law that defendant " 'was negligent in failing to see that which, under the circumstances, [she] should have seen, and in crossing in front of [plaintiff's motorcycle] when it was hazardous to do so' " (*id.*). Further, plaintiff established as a matter of law that he " 'was free from fault in the occurrence of the accident' " (*see id.*), and defendant failed to raise an issue of fact with respect thereto (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Present—Martoche, J.P., Centra, Carni, Lindley and Pine, JJ.