# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**214**
**CA 11-02105**
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

---

AMELIA L. PAVELJACK,
PLAINTIFF-RESPONDENT-APPELLANT,

V                                                     MEMORANDUM AND ORDER

DAVID P. CIRINO,
DEFENDANT-APPELLANT-RESPONDENT.

---

BURGIO, KITA & CURVIN, BUFFALO (WILLIAM J. KITA OF COUNSEL), FOR
DEFENDANT-APPELLANT-RESPONDENT.

HOGAN WILLIG, GETZVILLE (JOHN B. LICATA OF COUNSEL), FOR
PLAINTIFF-RESPONDENT-APPELLANT.

-----------------------------------------------------------------------

Appeal and cross appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered March 23, 2011 in a personal injury action. The order granted in part and denied in part the motion of defendant for summary judgment and denied the cross motion of plaintiff for partial summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion in its entirety and dismissing the complaint and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained when a vehicle driven by defendant ran a red light and struck the front driver's side of a vehicle driven by plaintiff. According to plaintiff, she sustained a serious injury under four categories set forth in Insurance Law § 5102 (d), i.e., permanent loss of use, permanent consequential limitation of use, significant limitation of use and the 90/180-day category. Defendant moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury under any of those categories, and plaintiff cross-moved for partial summary judgment on liability and on the ground that she sustained a serious injury to her cervical spine. Supreme Court granted that part of defendant's motion for summary judgment with respect to the permanent loss of use and 90/180-day categories, but determined that there were triable issues of fact with respect to the permanent consequential limitation of use and significant limitation of use categories. The court denied plaintiff's cross motion in its entirety. Defendant appeals, and plaintiff cross-appeals.

We agree with the court that defendant met his initial burden of demonstrating that plaintiff did not sustain a serious physical injury under the four categories set forth in Insurance Law § 5102 (d) and that plaintiff failed to raise an issue of fact with respect to the permanent loss of use and 90/180-day categories.  We further conclude, however, that plaintiff also failed to submit the requisite objective proof of injury to raise an issue of fact with respect to the two remaining categories, and we therefore modify the order by granting defendant's motion in its entirety.  The records of plaintiff's own treating physician and physical therapist establish that any complaints that plaintiff had immediately following the accident had fully resolved within approximately 1½ months.  Although an MRI later showed a slight disc herniation in plaintiff's neck, that MRI was not performed until six months after the accident.

Similarly, while plaintiff had renewed complaints of pain with accompanying loss of range of motion in her cervical spine approximately four months after the accident, she offered no explanation for the cessation of her symptoms and absence of treatment therefor with respect to the gap of approximately 2½ months following the initial full resolution of her complaints (*see generally Pommells v Perez*, 4 NY3d 566, 572; *McCarthy v Bellamy*, 39 AD3d 1166, 1166-1167).  Moreover, although evidence of a disc herniation combined with objective proof of limitation of range of motion may be sufficient to raise an issue of fact with respect to serious injury (*see e.g. Ellithorpe v Marion* [appeal No. 2], 34 AD3d 1195, 1196-1197; *Ejzerman v Cruz*, 309 AD2d 893), the records upon which plaintiff relies fail to "recite the tests used to ascertain the degree of plaintiff's loss of range of motion" (*Weaver v Town of Penfield*, 68 AD3d 1782, 1785).

Entered:  March 23, 2012                    Frances E. Cafarell
                                            Clerk of the Court