# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

993

CA 12-00564

PRESENT: FAHEY, J.P., PERADOTTO, CARNI, AND SCONIERS, JJ.

---

MICHAEL LIMARDI, PLAINTIFF-RESPONDENT,

                    V                                    MEMORANDUM AND ORDER

BARBARA M. MCLEOD AND LESLIE S. MCLEOD,
DEFENDANTS-APPELLANTS.

---

THOMAS P. DURKIN, ROCHESTER, FOR DEFENDANTS-APPELLANTS.

SPADAFORA & VERRASTRO, LLP, BUFFALO (JOSEPH C. TODORO OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

-----------------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Kevin M.
Dillon, J.), entered August 2, 2011 in a personal injury action. The
order, insofar as appealed from, granted that part of the motion of
plaintiff for summary judgment on the issue of negligence and denied
the cross motion of defendants for summary judgment on the issue of
serious injury.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by granting that part of defendants'
cross motion for summary judgment dismissing the complaint insofar as
the complaint, as amplified by the bill of particulars, alleges that
plaintiff sustained a serious injury under the permanent loss of use
category of serious injury within the meaning of Insurance Law § 5102
(d) and dismissing the complaint to that extent, and as modified the
order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for
injuries he sustained when his vehicle was struck by a vehicle
operated by defendant Barbara M. McLeod (defendant) and owned by
defendant Leslie S. McLeod. Plaintiff moved for partial summary
judgment on liability (*see Ruzycki v Baker*, 301 AD2d 48, 51), and
defendants cross-moved for summary judgment dismissing the complaint
on the ground that plaintiff did not sustain a serious injury within
the meaning of Insurance Law § 5102 (d). Supreme Court granted that
part of plaintiff's motion on the issue of negligence, denied that
part of plaintiff's motion on the issue of serious injury, and denied
the cross motion.

We reject defendants' contention that there is an issue of fact
with respect to plaintiff's comparative negligence. Plaintiff met his
initial burden on the motion of establishing that defendant was
negligent as a matter of law and that her negligence was the sole

proximate cause of the accident (*see Whitcombe v Phillips*, 61 AD3d 1431, 1431; *Pomietlasz v Smith*, 31 AD3d 1173, 1174). Specifically, plaintiff established that defendant violated Vehicle and Traffic Law § 1141 by turning left at an intersection directly into the path of plaintiff's vehicle and that defendant's failure to yield the right-of-way was the sole proximate cause of the accident (*see Waltz v Vink*, 78 AD3d 1621, 1621-1622; *Pomietlasz*, 31 AD3d at 1174; *Gabler v Marly Bldg. Supply Corp.*, 27 AD3d 519, 520). In opposition to the motion, defendants failed to raise a triable issue of fact whether plaintiff was also negligent (*see Pomietlasz*, 31 AD3d at 1174; *Berner v Koegel*, 31 AD3d 591, 592; *Maloney v Niewender*, 27 AD3d 426, 426-427). Defendants' sole contention is that, because defendant could see plaintiff's vehicle approaching from two blocks away, plaintiff should likewise have been able to observe defendant's vehicle and to take evasive action when defendant turned in front of him. However, "[t]he record does not support [defendants'] contention that a triable issue of fact exists as to whether the plaintiff was comparatively negligent in the operation of [his] vehicle because []he failed to brake, sound [his] horn, or otherwise try to avoid the collision" (*Berner*, 31 AD3d at 592). "As . . . plaintiff had the right-of-way, []he was entitled to anticipate that . . . defendant would obey the traffic laws, which required . . . defendant to yield to . . . plaintiff's vehicle" (*id.* at 592-593; *see Gabler*, 27 AD3d at 520).

Although the fact that defendant made a left turn in front of plaintiff's vehicle does not absolve plaintiff of the duty to exercise reasonable care in proceeding through the intersection (*see Halbina v Brege*, 41 AD3d 1218, 1219; *Cooley v Urban*, 1 AD3d 900, 900), there is no evidence in this case that plaintiff failed to exercise such care (*cf. Halbina*, 41 AD3d at 1219; *Strasburg v Campbell*, 28 AD3d 1131, 1132; *Cooley*, 1 AD3d at 900-901). Instead, plaintiff testified at his deposition that he was not speeding, that his view of the intersection was unobstructed, and that he did not see defendant's vehicle until the collision, and defendants offered only mere speculation to the contrary (*see Pomietlasz*, 31 AD3d at 1174; *Maloney*, 27 AD3d at 427). We thus conclude that the court properly granted that part of plaintiff's motion on the issue of negligence (*see Waltz*, 78 AD3d at 1621).

Contrary to the further contention of defendants, we conclude that there is an issue of fact whether plaintiff sustained a serious injury under the significant limitation of use, permanent consequential limitation of use, and 90/180 day categories. Even assuming, arguendo, that defendants met their initial burden on the cross motion with respect to each of those three categories of serious injury, we conclude that plaintiff raised an issue of fact in opposition. With respect to the permanent consequential limitation of use and significant limitation of use categories, plaintiff submitted objective evidence of injury to his neck and back, i.e., X rays, MRI reports, and doctors' observations of muscle spasms upon palpation of his cervical and lumbar spine (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 353; *Nitti v Clerrico*, 98 NY2d 345, 358; *see also Mancuso v Collins*, 32 AD3d 1325, 1326). Among other things, an MRI of

plaintiff's lumbar spine revealed a disc herniation at L4-L5, which plaintiff's treating chiropractor opined was "100% causally related" to the accident.  Plaintiff further submitted records from several medical providers quantifying range of motion losses in his cervical and lumbar spine (*see Austin v Rent A Ctr. E., Inc.*, 90 AD3d 1542, 1544).

With respect to the 90/180 day category, plaintiff submitted evidence establishing that he was out of work for approximately nine months after the accident at the direction of his treating physicians, after which he returned to work light duty.  Additionally, plaintiff testified at his deposition and averred in an affidavit that, after the accident, he was unable to perform his customary job duties, including lifting five-gallon buckets of paint, climbing ladders or scaffolds, or kneeling, stooping, crouching, or extending his arms over his head.  Plaintiff further stated that he was "unable to do the physical types of things that [he] could before th[e accident]," including cleaning the house, shopping for groceries, doing laundry, cutting the grass, and taking the garbage out.  We thus conclude that plaintiff raised an issue of fact whether he was prevented from performing his usual and customary activities during the requisite time period as a result of the accident (*see Rissew v Smith*, 89 AD3d 1383, 1384; *see also Downs v Kehoe*, 39 AD3d 1152, 1153; *Zeigler v Ramadhan*, 5 AD3d 1080, 1081).

We agree with defendants, however, that they established as a matter of law that plaintiff did not sustain a serious injury under the permanent loss of use category, i.e., that plaintiff did not sustain a " 'total loss of use' of a body organ, member, function or system" (*Schreiber v Krehbiel*, 64 AD3d 1244, 1245, quoting *Oberly v Bangs Ambulance*, 96 NY2d 295, 297), and that plaintiff failed to raise a triable issue of fact in opposition (*see Paveljack v Cirino*, 93 AD3d 1286, 1286; *Harris v Carella*, 42 AD3d 915, 917).  We therefore modify the order accordingly.

Entered:  November 9, 2012                   Frances E. Cafarell
                                             Clerk of the Court