Gilkerson v Buck (2018 NY Slip Op 08782)





Gilkerson v Buck


2018 NY Slip Op 08782


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND WINSLOW, JJ.


1022 CA 18-00008

[*1]MICHAEL L. GILKERSON, PLAINTIFF-APPELLANT,
v
JASON L. BUCK, ET AL., DEFENDANTS, MATTHEW J. SILE AND JAMES W. SILE, DEFENDANTS-RESPONDENTS. (APPEAL NO. 1.) 






FANIZZI & BARR, P.C., NIAGARA FALLS (PAUL K. BARR OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
MURA & STORM, PLLC, BUFFALO (ROY A. MURA OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.


 Appeal from an order of the Supreme Court, Niagara County (Sara Sheldon, A.J.), entered September 29, 2017. The order, insofar as appealed from, granted that part of the motion of defendants Matthew J. Sile and James W. Sile seeking summary judgment dismissing the complaint of plaintiff Michael L. Gilkerson against them. 
It is hereby ORDERED that the order insofar as appealed from is reversed on the law without costs, that part of the motion of defendants Matthew J. Sile and James W. Sile for summary judgment dismissing the complaint against them is denied, and the complaint against them is reinstated.
Memorandum: Plaintiffs Michael L. Gilkerson and Amber M. Talarico commenced separate negligence actions against the same defendants, seeking to recover damages for injuries that they sustained in a multivehicle accident. Defendant Matthew J. Sile (Matthew) was driving a pick-up truck owned by his father, defendant James W. Sile (collectively, Sile defendants), when the truck was broadsided in an intersection by a vehicle driven by defendant Jason L. Buck. When Buck's vehicle collided with Matthew's truck, the truck flipped over and subsequently collided with Gilkerson's motorcycle, causing injuries to Gilkerson and his passenger, Talarico. Defendant Ashley E. Evans was traveling in a vehicle behind plaintiffs' motorcycle. In each action, the Sile defendants moved for summary judgment dismissing the complaint and cross claims against them on the grounds that Matthew was not negligent in his operation of the truck and that Buck's conduct was the sole proximate cause of the accident. In appeal No. 1, Gilkerson appeals from an order that, inter alia, granted that part of the motion seeking summary judgment dismissing his complaint against the Sile defendants. In appeal No. 2, Talarico appeals from an order that, inter alia, granted that part of the motion seeking summary judgment dismissing her complaint against the Sile defendants. We reverse the orders in both appeals insofar as appealed from.
We agree with plaintiffs that Supreme Court erred in dismissing their complaints against the Sile defendants. Although plaintiffs do not dispute that Buck was negligent in violating the Vehicle and Traffic Law or that Matthew had the right-of-way as he proceeded straight through the intersection, it is well settled that " there may be more than one proximate cause of [a collision]' " (Harris v Jackson, 30 AD3d 1027, 1028 [4th Dept 2006]; see Cooley v Urban, 1 AD3d 900, 900 [4th Dept 2003]). Thus, in their motions, the Sile defendants had the initial burden of establishing as a matter of law either that Matthew was not negligent or that any negligence on his part was not a proximate cause of the accident (see Darnley v Randazzo, 159 AD3d 1578, 1578-1579 [4th Dept 2018]; see generally Zuckerman v City of New York, 49 NY2d [*2]557, 562 [1980]). We conclude in both appeals that the Sile defendants failed to meet that burden (see Deering v Deering, 134 AD3d 1497, 1498-1499 [4th Dept 2015]; see generally Daniels v Rumsey, 111 AD3d 1408, 1410 [4th Dept 2013]).
Although "a driver who has the right[-]of[-]way is entitled to anticipate that [the drivers of] other vehicles will obey the traffic laws that require them to yield" (Rolls v State of New York, 129 AD3d 1638, 1638 [4th Dept 2015] [internal quotation marks omitted]), that driver nevertheless has a "duty to exercise reasonable care in proceeding through [an] intersection" (Limardi v McLeod, 100 AD3d 1375, 1376 [4th Dept 2012]), and "cannot blindly and wantonly enter an intersection" (Deering, 134 AD3d at 1499 [internal quotation marks omitted]; see Dorr v Farnham, 57 AD3d 1404, 1405-1406 [4th Dept 2008]; Halbina v Brege, 41 AD3d 1218, 1219 [4th Dept 2007]). Here, by their own submissions, the Sile defendants raised a triable issue of fact whether Matthew met his "duty to see what should be seen and to exercise reasonable care under the circumstances to avoid an accident" (Deering, 134 AD3d at 1499 [internal quotation marks omitted]). The deposition testimony of Evans and Gilkerson established that they both saw Buck's vehicle approaching the intersection without slowing down and that Evans anticipated that Buck's vehicle would go through the stop sign and collide with Matthew's vehicle, which raises "a question of fact whether [Matthew] could have avoided or otherwise minimized the accident" (Margolis v Volkswagen of Am., Inc., 77 AD3d 1317, 1320 [4th Dept 2010]; cf. Liskiewicz v Hameister, 104 AD3d 1194, 1195 [4th Dept 2013]; Limardi, 100 AD3d at 1376; Lescenski v Williams, 90 AD3d 1705, 1706 [4th Dept 2011], lv denied 18 NY3d 811 [2012]).
Even if, as our dissenting colleagues conclude, the Sile defendants met their prima facie burden on their motions, we further conclude that Matthew's deposition testimony, submitted by each plaintiff in opposition to the motions, raised a question of fact. Matthew testified that he was "[m]aybe a hundred yards" past a construction zone when his vehicle was struck, and that "[l]ess than 30 seconds. Maybe  probably close to  less than that. 15 seconds, maybe" after he passed under an overpass, Matthew heard his girlfriend, who was a passenger in his truck, scream, and thereafter, his truck was struck on the passenger side. Notably, Matthew's testimony that his girlfriend screamed prior to the collision suggests that she, like both Evans and Gilkerson, saw Buck's vehicle approaching the intersection without slowing down, and that the construction site and overpass did not obscure her vision of Buck's vehicle. Matthew's testimony thus raises questions of fact why, during the 100 yards and at least 15 seconds leading up to the collision, he failed to see Buck's vehicle approaching the intersection (see Chilinski v Maloney, 158 AD3d 1174, 1175-1176 [4th Dept 2018]), and whether he could have acted to avoid or minimize the accident (see Margolis, 77 AD3d at 1320). We therefore conclude that plaintiffs raised an issue of fact in opposition to the motions.
We thus reverse the orders in both appeals insofar as appealed from, deny those parts of the motions seeking summary judgment dismissing the complaints against the Sile defendants, and reinstate the complaints against them.
All concur except Peradotto, J.P., and Carni, J., who dissent and vote to affirm in the following memorandum: We respectfully dissent in both appeals inasmuch as we conclude that Supreme Court properly granted the motions of defendants Matthew J. Sile (Matthew) and James W. Sile (James) (collectively, Sile defendants) for summary judgment dismissing the complaints and all cross claims against them. We would therefore affirm the order in each appeal.
It is undisputed that the Sile defendants' submissions in support of their motions established that Matthew was driving westbound and passing beneath a split highway overpass in a pick-up truck owned by his father, James, when the truck was broadsided in an intersection on the other side of the overpass by a southbound vehicle driven by defendant Jason L. Buck, who disregarded one or more of his obligations to stop at the stop sign on his intersecting roadway and yield the right-of-way to Matthew's truck (see Vehicle and Traffic Law § 1142 [a]). When Buck's vehicle collided with Matthew's truck, the truck flipped over and subsequently collided with an eastbound motorcycle operated by plaintiff Michael L. Gilkerson, causing injuries to Gilkerson and his passenger, plaintiff Amber M. Talarico.
We conclude that the Sile defendants met their initial burden in each motion of establishing as a matter of law that Matthew was not negligent. The fact that Matthew, as the [*3]driver with the right-of-way, was entitled to anticipate that Buck would obey the traffic laws that required him to yield to Matthew "d[id] not absolve [Matthew] of the duty to exercise reasonable care in proceeding through the intersection," but "there is no evidence in this case that [Matthew] failed to exercise such care" (Limardi v McLeod, 100 AD3d 1375, 1376 [4th Dept 2012]). Matthew was operating the truck in accordance with the rules of the road and at an appropriate speed, and he was paying proper attention to the roadway and everything else that was visible in front of the truck, when Buck's vehicle suddenly and unexpectedly broadsided the truck in the intersection before Matthew had any time to react (see id.). The Sile defendants thus established that Matthew, as " a driver with the right-of-way who ha[d] only seconds to react to a vehicle that . . . failed to yield,' " was
" not . . . negligent for failing to avoid the collision' " (Penda v Duvall, 141 AD3d 1156, 1157 [4th Dept 2016]; see Vazquez v New York City Tr. Auth., 94 AD3d 870, 871 [2d Dept 2012]).
In concluding that the Sile defendants' own papers raise an issue of fact whether Matthew could have avoided or otherwise minimized the accident, the majority relies on the deposition testimony of Gilkerson and defendant Ashley E. Evans, who was in a vehicle behind Gilkerson's motorcycle, which established that they both saw Buck's vehicle approaching the intersection without slowing down and that Evans anticipated that Buck's vehicle would go through the stop sign and collide with Matthew's truck. The majority's reliance on that testimony is misplaced. Gilkerson and Evans were driving eastbound with unobstructed views of the southbound roadway upon which Buck was traveling, i.e., on the near side of the highway overpass from the vantage point of Gilkerson and Evans. Matthew, however, was driving in the opposite, westbound direction while passing beneath the overpass with a berm sloping up to the highway on his right before arriving at the intersection with the southbound roadway upon which Buck was traveling, i.e., on the far side of the overpass from Matthew's perspective. Thus, given these vastly different views of the southbound roadway, the majority's assertion that the testimony of Gilkerson and Evans raises an issue of fact whether Matthew too should or could have seen Buck's vehicle approaching the intersection " is based on speculation and is insufficient to defeat a motion for summary judgment' " (Wallace v Kuhn, 23 AD3d 1042, 1043 [4th Dept 2005]).
We further conclude that plaintiffs failed to meet their burden in opposition to the Sile defendants' prima facie showing. Plaintiffs failed to offer any expert, photographic, or other competent evidence sufficient to raise an issue of fact whether Matthew could have avoided the accident and, therefore, plaintiffs' contentions in that regard are speculative and unsupported by the record (see Limardi, 100 AD3d at 1376; Maloney v Niewender, 27 AD3d 426, 427 [2d Dept 2006]). Plaintiffs submitted no photographic evidence showing Matthew's view as he approached the intersection; instead, plaintiffs referenced the photographs that were submitted by the Sile defendants in support of their motions, which do not substantiate plaintiffs' assertion that Matthew had an unobstructed view of the southbound roadway upon which Buck was traveling. Further, we disagree with the majority that the deposition testimony of Matthew that was submitted by plaintiffs in opposition to the motions raises an issue of fact whether Matthew could have done something to avoid the accident. Matthew did not testify that he had an unobstructed view of the southbound roadway (cf. Chilinski v Maloney, 158 AD3d 1174, 1175 [4th Dept 2018]); rather, he estimated that within about 15 seconds or 100 yards of passing beneath the split highway overpass at an appropriate speed of approximately 35 miles per hour, his truck was suddenly struck from the right by Buck's vehicle, which Matthew never saw prior to the collision. Plaintiffs offered no expert affidavit evidence to support their assertion that Matthew's view, speed, and distance from the intersection was sufficient to observe Buck's vehicle and take evasive action, and the unsubstantiated and speculative assertions in the affirmations of plaintiffs' attorneys in that regard are insufficient (see Yelder v Walters, 64 AD3d 762, 765 [2d Dept 2009]; Jenkins v Alexander, 9 AD3d 286, 288 [1st Dept 2004]). While the majority asserts that the fact that Matthew's girlfriend, who was a passenger in his truck, screamed prior to the collision suggests that Matthew had a sufficient view and time to observe Buck's vehicle approaching the intersection and to take evasive action, that assertion lacks merit inasmuch as Matthew testified that the collision occurred "immediate[ly]," i.e., "a split second," after his girlfriend's scream. In our view, "[s]peculation regarding evasive action that [Matthew] should have taken to avoid a collision, especially when [Matthew] had, at most, [only] seconds to react, does not raise a triable issue of fact" (Penda, 141 AD3d at 1157 [internal quotation marks omitted]).
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court