■ BINGHAMTON PLAZA, INC., Appellant, v FASHION BUG #2470 OF BINGHAMTON, INC. et al., Respondents. [675 NYS2d 710] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Coutant, J.), entered June 9, 1997 in Broome County, which denied plaintiff's motion for renewal of a prior decision of the court granting summary judgment to defendants.

In this action to recover for, *inter alia*, the nonpayment of rent, Supreme Court granted defendants' motion for summary judgment and this Court affirmed (242 AD2d 822). Thereafter, plaintiff moved for renewal, claiming that it entered into the lease agreement on the basis of its attorney's misinterpretation of the lease terms, that this unilateral mistake warrants nullification of the agreement, and that Supreme Court's interpretation thereof effected an inequitable or unconscionable result. Supreme Court denied plaintiff's motion and this appeal ensued.

On a motion to renew, the moving party must articulate the specific reasons why the new evidence it seeks to introduce was not previously presented and could not have been discovered at the time of the original motion (see, *Spa Realty Assocs. v Springs Assocs.*, 213 AD2d 781, 783). The "new" evidence proffered by plaintiff consists of affidavits of its former attorney and its president. The attorney asserts that his approval of the lease was based on his determination that the relevant provisions allowed plaintiff to rent space in the plaza to any competing women's apparel store, even one selling large-size clothing, as long as the rental space did not exceed 3,000 square feet. Plaintiff would not have signed the lease, he maintains, had it known that Supreme Court would interpret it as it did. Plaintiff contends that its execution of the lease was therefore premised upon a unilateral mistake as to the meaning of the language used therein. In addition, plaintiff argues that

because enforcement of the lease will cause it to forfeit a substantial amount of profit, and indeed to lose money, equity demands that it be relieved of these consequences.

We affirm. Plaintiff has not adequately explained, or set forth any justifiable excuse for, its failure to produce these affidavits in response to the underlying summary judgment motion. Although the attesting attorney evidently no longer represented plaintiff at that time, there is no proof that he would not have been available to provide evidence, had plaintiff attempted to contact him for that purpose, or that any such attempt was made. Moreover, plaintiff's claims of unilateral mistake and inequity were advanced for the first time in its motion for renewal. As these theories could have been raised in opposition to the motion for summary judgment, when plaintiff first became aware that defendants were urging a different interpretation of the lease terms than that proposed by plaintiff's former attorney (*see, Foley v Roche,* 68 AD2d 558, 568), Supreme Court cannot be faulted for denying the motion to renew (*see, Ramsco, Inc. v Riozzi,* 210 AD2d 592, 593; *cf., Fargnoli Food Distrib. v Jennies Bakery,* 209 AD2d 806).

Cardona, P. J., Crew III, Spain and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.