■ EVELYN PRATCHER, Appellant, v DALENE K. HOADLEY et al., Respondents. [761 NYS2d 903] —Appeal from an order of Supreme Court, Erie County (Mintz, J.), entered April 19, 2002, which failed to grant plaintiff's motion for leave to renew and vacatur of a prior order.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted in part and the matter is remitted to Supreme Court, Erie County, for further proceedings in ac-

cordance with the following memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained in a motor vehicle accident. Defendant Asia K. Clyburn thereafter moved and defendant Dalene K. Hoadley cross-moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Supreme Court granted the motion and cross motion, and plaintiff moved for leave to renew and vacatur of the prior order, contending, inter alia, that defendants withheld the reports of a chiropractor and a physician who conducted physical examinations of plaintiff. According to plaintiff, the chiropractor and physician were defendants' agents, and defendants failed to provide those reports until the day after oral argument of their motion and cross motion. The court erred in failing to grant that part of the motion seeking leave to renew and thus erred in refusing to consider the reports. "On a motion to renew, the moving party must articulate the specific reasons why the new evidence it seeks to introduce was not previously presented and could not have been discovered at the time of the original motion" (*Binghamton Plaza v Fashion Bug #2470 of Binghamton*, 252 AD2d 870, 870 [1998]; *see Shouse v Lyons*, 265 AD2d 901, 902 [1999]). Here, although plaintiff and her attorney were aware of the existence of those reports at the time of the original motion, they could not have known the contents of the reports until they were provided by defendants' counsel. We therefore conclude that plaintiff met her burden of establishing her entitlement to renewal. Thus, we grant that part of plaintiff's motion seeking leave to renew, and we remit the matter to Supreme Court, Erie County, to determine whether to vacate its prior order in light of the new evidence submitted by plaintiff upon renewal (*see Rotondi v Horning*, 168 AD2d 944 [1990]). Present—Pigott, Jr., P.J., Green, Wisner, Burns and Gorski, JJ.