■ RHONDA A. CALDWELL, Respondent, v ARLENE J. MALONE et al., as Executors of CARL BLOCK, Deceased, Appellants. [770 NYS2d 228]—Appeal from an order of Supreme Court, Erie County (Mahoney, J.), entered September 26, 2002, which granted plaintiff's motion for leave to renew and reargue defendants' motion for summary judgment dismissing the complaint and, upon renewal/reargument, denied defendants' motion.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting defendants' motion and dismissing the complaint and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries that she allegedly sustained when the vehicle that she was driving was struck by a vehicle driven by defendants' decedent as he was backing out of his driveway. Supreme Court initially granted defendants' motion for summary judgment dismissing the complaint. In granting the motion, the court determined that defendants established as a matter of law

that plaintiff did not sustain a serious injury within the meaning of the three categories of serious injury alleged, i.e., permanent consequential limitation of use of a body organ or member, significant limitation of use of a body function or system, and an injury pursuant to the 90/180 category (*see* Insurance Law § 5102 [d]), and plaintiff failed to raise an issue of fact. However, the court thereafter granted plaintiff's motion for leave to renew and reargue and, upon renewal/reargument, denied defendants' motion. Defendants now appeal.

We note at the outset that, contrary to defendants' contention, it was well within the court's discretion to grant plaintiff's motion for leave to renew and reargue (*see Tishman Constr. Corp. of N.Y. v City of New York*, 280 AD2d 374, 376-377 [2001]; *Dixon v New York Cent. Mut. Fire Ins. Co.*, 265 AD2d 914 [1999]). Nevertheless, we conclude that the court erred in denying defendants' motion upon renewal/reargument. In initially granting defendants' motion, the court properly determined that there was no objective medical evidence in the record that plaintiff sustained a serious injury within any of the categories alleged (*see generally Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350 [2002]) and, upon renewal/reargument, plaintiff did not provide the requisite objective medical evidence. We therefore modify the order by granting defendants' motion and dismissing the complaint. Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Kehoe and Gorski, JJ.