■ NATALIYA SHULGA, Respondent, v THOMAS M. ASHCROFT, Appellant. (Appeal No. 1.) [784 NYS2d 744]—

Appeal from an order of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered August 7, 2003. The order, insofar as appealed from, granted in part plaintiff's motion for partial summary judgment, dismissed the first, second and fourth affirmative defenses and denied defendant's cross motion for summary judgment dismissing the complaint in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by providing that partial summary judgment is granted to plaintiff on the issue of negligence only and as modified the order is affirmed without costs.

Memorandum: Defendant appeals from an order that, inter alia, granted those parts of plaintiff's motion seeking partial summary judgment on the issue of liability and to strike the first, second and fourth affirmative defenses and denied defendant's cross motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

We note at the outset that, although plaintiff purported to seek partial summary judgment on liability, she did not raise

the issue of serious injury and, indeed, Supreme Court denied defendant's cross motion on the ground that there is an issue of fact whether plaintiff sustained a serious injury. Thus, we modify the order by providing that partial summary judgment is granted to plaintiff on the issue of negligence only (*see Ruzycki v Baker,* 301 AD2d 48, 52 [2002]), and we otherwise affirm. With respect to plaintiff's motion, we reject the contention of defendant that he raised a triable question of fact on the issue of negligence. It is undisputed that plaintiff was injured when her vehicle, which was stopped in a line of traffic, was rear-ended by a vehicle driven by defendant. It is also undisputed that defendant was holding his cellular telephone and was engaged in a telephone conversation immediately before the collision. "It is well established that a rear-end collision with a stopped vehicle establishes a prima facie case of negligence on the part of the driver of the rear vehicle . . . [and that, i]n order to rebut the presumption, the driver of the rear vehicle must submit a [nonnegligent] explanation for the collision" (*Pitchure v Kandefer Plumbing & Heating,* 273 AD2d 790, 790 [2000]; *see Leal v Wolff,* 224 AD2d 392, 393 [1996]; *see also Suitor v Boivin,* 219 AD2d 799, 800 [1995]). Here, defendant's contention that plaintiff's vehicle stopped suddenly does not constitute a nonnegligent explanation for the collision where, as here, defendant admits that traffic conditions were "heavy" at the time of the accident. "Evidence that plaintiff's lead vehicle was forced to stop suddenly in heavy traffic does not amount to proof that plaintiff was in any way at fault for the accident. . . . As it can easily be anticipated that cars up ahead will make frequent stops in rush hour traffic, '[d]efendant driver's failure to anticipate and react to the slow and cautious movement of plaintiff's vehicle' is not an adequate [nonnegligent] explanation for the accident" (*Diller v City of New York Police Dept.,* 269 AD2d 143, 144 [2000], quoting *Galante v BMW Fin. Servs. N. Am.,* 223 AD2d 421, 421 [1996]).

With respect to defendant's cross motion, we affirm that part of the order denying the cross motion for the reasons stated in the decision at Supreme Court. Present—Pigott, Jr., P.J., Pine, Scudder, Gorski and Lawton, JJ.