OPINION OF THE COURT
Philip M. Marshall, J.
Background
This is a personal injury action that resulted from a slip and fall that is alleged to have occurred in the parking lot of a store that was being operated by defendant, K-Mart, and owned by defendant and third-party plaintiff, Benderson Development. The third-party defendant, Emergency Electric, is alleged to have contracted with defendant and third-party plaintiff, Benderson Development, to perform snow removal services in the parking lot area.
The plaintiff is now moving for a bifurcated trial on the issues of liability and damages pursuant to CPLR 603 and 22 NYCRR 202.42 (a). The third-party defendant has opposed that motion, and has been joined by the defendants in that opposition.
Findings of the Court
While 22 NYCRR 202.42 (a) does not apply to the City Court of Buffalo (see 22 NYCRR part 210), this court is aware of the general rule, which is adhered to by our own Fourth Department, that issues of liability and damages in a negligence action are distinct and severable and should be tried and determined separately. (Perez v Millard Fillmore Hosp., 263 AD2d 957 [4th Dept 1999].)
There is an exception to this rule where the injuries sustained by the plaintiff have an important bearing on the issue of liability and are probative in determining how the accident occurred. (Guizzotti v English, 273 AD2d 932 [4th Dept 2000].)
On first blush, the claim by the third-party defendant that the plaintiffs injuries could not have been caused by the fall that she described would seem to bring this matter under the authority of the above-referenced exception.
However, a close reading of the case law in this area reveals that previous courts have used the term liability loosely and at times interchangeably with the concept of negligence.
From a review of the relevant pattern jury instruction (PJI3d 2:90 [2004]), we learn that for a plaintiff to recover on a slip *994 and fall claim he or she must prove (1) that the premises were not reasonably safe, (2) that the defendant was negligent in not keeping the premises in a reasonably safe condition, and (3) that the defendant’s negligence in allowing the unsafe condition to exist was a substantial factor in causing the plaintiff’s injuries.
When discussing bifurcating liability and damages in a slip and fall case, it seems clear that the bifurcation of issues is actually occurring between the issues of negligence and causation/damages.
Here, the issues of whether or not the property was reasonably safe and whether or not the defendants were negligent can be decided without involving any proof of the plaintiffs injuries, and without any prejudice to the defendants’ position.
A defendant who is found negligent is not liable to a plaintiff unless it can be shown that the negligence was the proximate cause of the plaintiffs alleged injury. (Farinaro v State of New York, 132 AD2d 642 [2d Dept 1987].)
This is akin to summary judgment in a no-fault automobile case, where a plaintiff who is granted summary judgment on the issue of the defendant’s negligence must still prove serious injury in order for the defendant to be found liable for his or her damages. (Shulga v Ashcroft, 11 AD3d 893 [4th Dept 2004].)
In this case, if the issues of negligence and causation/damages are bifurcated into separate trials, two juries could consistently find that the parking lot was in an unsafe condition and that the defendants were negligent in the upkeep of the parking lot, but that their negligence was not a contributing proximate cause of the plaintiffs injuries in that the plaintiff was not injured by the fall, as alleged by the third-party defendant. (Miglino v Supermarkets Gen. Corp., 243 AD2d 451 [2d Dept 1997].)
Further, in light of the claims of plaintiffs counsel that he may need to call as many as three medical experts in order to prove the causation component of the plaintiffs case, this matter does not seem like it will be an uncomplicated and brief trial on liability and damages which would weigh against bifurcation. (Di Pirro v Thompson, 289 AD2d 1025, 1026 [4th Dept 2001].)
Therefore the court grants the plaintiff’s motion for a bifurcated trial wherein the issues of (1) whether the premises were not reasonably safe, and (2) whether the defendants were negligent in not keeping the premises in a reasonably safe condition will be decided at a first trial, and, if necessary, at a second *995 trial (1) whether the defendants’ negligence in allowing the unsafe condition to exist was a substantial factor in causing the plaintiff’s injuries, and (2) what are the extent and value of those injuries, if any.
Finally, the plaintiff has moved to amend her ad damnum clause downward from $500,000 to $45,000. Since there is no opposition to that motion, that motion is granted.