■ TORRENCE ASHQUABE, Respondent, v CYNTHIA J. McCON-
NELL, Appellant. [848 NYS2d 794]—

Appeal from an order of the Supreme Court, Erie County
(John M. Curran, J.), entered November 8, 2006 in a personal
injury action. The order, among other things, denied defendant's
motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and
the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking dam-
ages for injuries he allegedly sustained when a motor vehicle
driven by defendant rear-ended the vehicle driven by plaintiff.
Supreme Court properly denied defendant's motion for sum-
mary judgment dismissing the complaint on the ground that
plaintiff did not sustain a serious injury within the meaning of
Insurance Law § 5102 (d). Defendant failed to meet her initial
burden of establishing that "plaintiff's alleged injuries sustained
in the accident were preexisting" (*Clark v Perry*, 21 AD3d 1373,
1374 [2005]). In support of her motion, defendant submitted
the report of a physician who examined plaintiff on behalf of de-
fendant. According to that physician, plaintiff "incurred a cervi-
cal muscle strain as a result of the motor vehicle accident." The
physician further stated that MRI scans of plaintiff's cervical
spine "reveal[ed] degenerative disc disease/spondylosis at [C5-6]
and [C6-7, as well as] associated mild disc bulging," and that
MRI scans of plaintiff's thoracic spine "reveal[ed] degenerative
disc disease at [T4-5] and [T5-6]." The physician failed to ad-
dress the herniation at C6-7 observed by a radiologist, however,
although he indicated that he had reviewed the radiologists'
reports accompanying the MRI scans of plaintiff's cervical spine.
In addition, the physician noted that plaintiff "denie[d] history
of any similar preexistent pain conditions predating the motor
vehicle accident," but he failed to address the significance of the
absence of any prior complaints of similar pain. We thus
conclude that the physician's report does not constitute
"persuasive evidence that plaintiff's alleged pain and injuries
were related to a preexisting condition" (*Carrasco v Mendez*, 4
NY3d 566, 580 [2005]; *see also Gentile v Snook*, 20 AD3d 389
[2005]; *cf. Clark*, 21 AD3d 1373 [2005]). Indeed, we conclude
that the physician's analysis was conclusory and therefore
"insufficient to establish that plaintiff's pain might be chronic
and unrelated to the accident" (*Brown v Dunlap*, 4 NY3d 566,
577 [2005]). Present—Gorski, J.P., Martoche, Lunn, Fahey and
Pine, JJ. [*See* 14 Misc 3d 211 (2006).]