■ CARL R. ENDRES, Appellant, v SHELBA D. JOHNSON TRUCKING, INC., et al., Respondents. [876 NYS2d 593]—

Appeal from an order of the Supreme Court, Erie County

(Joseph D. Mintz, J.), entered August 7, 2008 in a personal injury action. The order granted defendants' motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the complaint, as amplified by the bill of particulars, with respect to the permanent consequential limitation of use of a body organ or member and significant limitation of use of a body function or system categories of serious injury within the meaning of Insurance Law § 5102 (d) and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he allegedly sustained when a tractor-trailer driven by defendant Jerry William White and owned by defendant Shelba D. Johnson Trucking, Inc. collided with the vehicle driven by plaintiff. Defendants moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). We note at the outset that, in opposition to the motion, plaintiff abandoned his claims with respect to three of the six categories of serious injury alleged in the complaint, as amplified by the bill of particulars, i.e., significant disfigurement, fracture, and permanent loss of use (*see Oberly v Bangs Ambulance*, 96 NY2d 295, 297 [2001]; *Feggins v Fagard*, 52 AD3d 1221, 1222 [2008]). We thus conclude that Supreme Court properly granted the motion with respect to those categories. We further conclude that the court properly granted the motion with respect to the 90/180 category of serious injury inasmuch as defendants established their entitlement to summary judgment with respect thereto, and plaintiff failed to submit any evidence that his activities were subject to a "medically imposed restriction[ ]" during the relevant time period (*Tuna v Babendererde*, 32 AD3d 574, 576 [2006]; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

We agree with plaintiff, however, that the court erred in granting the motion with respect to the permanent consequential limitation of use and significant limitation of use categories of serious injury, and we therefore modify the order accordingly. Contrary to the contention of defendants, the report of a physician who examined plaintiff at their request failed to offer any basis upon which to conclude that plaintiff's 50% reduction in lumbar flexion and extension was caused by plaintiff's alleged degenerative disease and was not exacerbated by the accident (*see McKenzie v Redl*, 47 AD3d 775, 776 [2008]; *see also Umar v Ohrnberger*, 46 AD3d 543 [2007]). That report also "failed to

address the significance of the absence of any prior complaints of similar pain," despite indicating that plaintiff had informed the physician that he had been relatively free from pain immediately prior to the accident (*Ashquabe v McConnell*, 46 AD3d 1419 [2007]). Thus, defendants failed to present "persuasive evidence that plaintiff's alleged pain and injuries [with respect to the permanent consequential limitation of use and significant limitation of use categories] were related to a preexisting condition" and were not exacerbated by the accident (*Carrasco v Mendez*, 4 NY3d 566, 580 [2005]; *see Ashquabe*, 46 AD3d 1419 [2007]). Contrary to defendants' further contention that there was an unexplained gap in plaintiff's treatment, we conclude that the record fails to establish that plaintiff in fact ceased all therapeutic treatment (*see generally Pommells v Perez*, 4 NY3d 566, 574 [2005]; *Brown v Dunlap*, 4 NY3d 566, 577 [2005]). Present—Hurlbutt, J.P., Martoche, Fahey, Carni and Gorski, JJ.