JAMES M. SCHREIBER et al., Respondents, v SADIE L. KREHBIEL et al., Appellants. [883 NYS2d 426]—

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered April 15, 2008 in a personal injury action. The order, insofar as appealed from, denied in part the motion of defendants for summary judgment.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting that part of the motion for summary judgment dismissing the complaint insofar as the complaint, as amplified by the bill of particulars, alleges that plaintiff James M. Schreiber sustained a serious injury under the permanent loss of use of a body organ, member, function or system category of serious injury within the meaning of Insurance Law § 5102 (d) and dismissing the complaint to that extent with respect to that plaintiff, and by granting that part of the motion for summary judgment dismissing the complaint in its entirety with respect to plaintiff Shea M. Schreiber and dismissing the complaint in its entirety with respect to that plaintiff, and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking dam-

ages for injuries they allegedly sustained in a motor vehicle accident. Plaintiff husband was a passenger in a motor vehicle operated by plaintiff wife, who drove the vehicle into a ditch while attempting to avoid a head-on collision with a motor vehicle operated by defendant Sadie L. Krehbiel. Defendants moved for summary judgment dismissing the complaint on the ground that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the accident. Supreme Court granted the motion in part by dismissing the complaint insofar as the complaint, as amplified by the bill of particulars, alleges that plaintiff wife sustained a serious injury under the permanent loss of use category. We agree with defendants that they also established as a matter of law that plaintiff husband did not sustain a serious injury under the permanent loss of use category, i.e., he did not sustain a "total loss of use" of a body organ, member, function or system (*Oberly v Bangs Ambulance*, 96 NY2d 295, 297 [2001]), and we therefore modify the order accordingly. We further conclude, however, that the court properly denied the remainder of defendants' motion with respect to the remaining categories of serious injury allegedly sustained by plaintiff husband. Defendants failed to meet their initial burden of establishing that his "alleged injuries sustained in the accident were preexisting" (*Clark v Perry*, 21 AD3d 1373, 1374 [2005]; *see Ashquabe v McConnell*, 46 AD3d 1419 [2007]) or, if they were, that they were not exacerbated by the accident (*see Endres v Shelba D. Johnson Trucking, Inc.*, 60 AD3d 1481 [2009]; *Cebularz v Diorio*, 32 AD3d 975 [2006]). In support of their motion, defendants submitted the reports prepared following independent medical examinations that concluded that the injuries to plaintiff husband's lower back, neck, and left shoulder were caused by an injury at work that occurred prior to the motor vehicle accident. The independent medical examinations, however, were conducted in the context of a previous worker's compensation claim concerning the injuries sustained by plaintiff husband at work. The examinations were not conducted to determine whether the alleged injuries of plaintiff husband were exacerbated by the accident at issue on this appeal, nor did defendants submit the results of an examination of plaintiff husband conducted at their request with respect to that issue (*cf. Schader v Woyciesjes*, 55 AD3d 1292, 1293 [2008]). In any event, we conclude that plaintiffs raised a triable issue of fact with respect to causation concerning the alleged injuries sustained by plaintiff husband (*see Yoonessi v Givens*, 39 AD3d 1164, 1165 [2007]).

The court erred in denying the remainder of defendants' motion with respect to the remaining categories of serious injury

allegedly sustained by plaintiff wife, and thus the court should have granted that part of defendants' motion for summary judgment dismissing the complaint in its entirety with respect to plaintiff wife. We agree with defendants that they met their burden by establishing as a matter of law that there was no objective evidence that plaintiff wife sustained a serious injury (*see Constantine v Serafin*, 16 AD3d 1145, 1145-1146 [2005]; *see generally Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350 [2002]; *Caldwell v Malone*, 2 AD3d 1378, 1379 [2003]). In any event, defendants established that plaintiff wife sustained only a slight limitation of use and therefore did not sustain a serious injury under the permanent consequential limitation of use or significant limitation of use categories of serious injury (*see generally Gaddy v Eyler*, 79 NY2d 955, 957 [1992]; *Lutgen v Czapla*, 1 AD3d 1036 [2003]). Finally, defendants established that the activities of plaintiff wife "were not curtailed to a great extent" and that she therefore did not sustain a serious injury under the 90/180 category of serious injury (*Burns v McCabe*, 17 AD3d 1111, 1111 [2005]; *see Licari v Elliott*, 57 NY2d 230, 236 [1982]). Plaintiffs failed to raise a triable issue of fact in opposition to that part of defendants' motion (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324). We therefore further modify the order accordingly. Present—Centra, J.P., Peradotto, Green, Pine and Gorski, JJ.