# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**136**
**CA 10-01333**
PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

---

HENRY FIEBIGER, PLAINTIFF-APPELLANT,

V                                        MEMORANDUM AND ORDER

JAY-K LUMBER, INC., DEFENDANT-RESPONDENT.

---

RALPH W. FUSCO, UTICA, FOR PLAINTIFF-APPELLANT.

ROSSI AND MURNANE, NEW YORK MILLS (VINCENT J. ROSSI, JR., OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Oneida County (Bernadette T. Clark, J.), entered February 8, 2010 in a personal injury action. The order dismissed the complaint after a nonjury trial on the issue of liability.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff appeals from an order dismissing the complaint following a bench trial on the issue of liability. We affirm. "To establish a prima facie case of negligence in a [slip and fall] case, a plaintiff must show that the defendant either created the condition [that] caused the accident[] or that it had actual or constructive notice [thereof]" (*Panetta v Phoenix Beverages, Inc.*, 29 AD3d 659). Here, the weight of the evidence supports Supreme Court's determination that defendant did not create or have actual or constructive notice of the hydraulic fluid spill that caused plaintiff's fall. Contrary to plaintiff's contention, the court's questions to witnesses did not deprive him of a fair trial, inasmuch as those questions sought only to clarify the testimony, and there was no indication of prejudice or bias against plaintiff (*see Lewis v Port Auth. of N.Y. & N.J.*, 8 AD3d 205; *Hemmerling v Barnes* [appeal No. 2], 269 AD2d 752; *Delcor Labs. v Cosmair, Inc.*, 263 AD2d 402, *lv denied* 94 NY2d 761, *rearg denied* 95 NY2d 792).

Entered:  February 10, 2011                    Patricia L. Morgan
                                               Clerk of the Court