# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**427**

**CA 12-02018**

PRESENT: SCUDDER, P.J., PERADOTTO, VALENTINO, AND MARTOCHE, JJ.

---

FLAHERTY FUNDING CORPORATION AND DIANNE C.
FLAHERTY, LLC, PLAINTIFFS-RESPONDENTS,

V                                                          MEMORANDUM AND ORDER

JENNIFER K. JOHNSON, ET AL., DEFENDANTS,
AND MGIC INVESTOR SERVICES CORPORATION,
DEFENDANT-APPELLANT.

---

FOLEY & LARDNER LLP, MILWAUKEE, WISCONSIN (MAX B. CHESTER, OF THE
WISCONSIN BAR, ADMITTED PRO HAC VICE, OF COUNSEL), FOR
DEFENDANT-APPELLANT.

NIXON PEABODY LLP, ROCHESTER (CHRISTOPHER D. THOMAS OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Monroe County (Matthew
A. Rosenbaum, J.), entered August 9, 2012.  The order denied the
motion of defendant MGIC Investor Services Corporation to dismiss.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the motion is granted
and the complaint against defendant MGIC Investor Services Corporation
is dismissed.

Memorandum:  Plaintiffs commenced this action seeking, inter
alia, money damages after defendant MGIC Investor Services Corporation
(MISC) allegedly made negligent misrepresentations while performing
underwriting services with respect to two mortgage loans on which the
borrowers subsequently defaulted and the subject properties were sold
at a loss.  MISC contends that Supreme Court erred in denying its
motion to dismiss the complaint against it pursuant to CPLR 3211 (a)
(7) for failure to state a cause of action.  We agree.

A cause of action for negligent misrepresentation must allege
" '(1) the existence of a special or privity-like relationship
imposing a duty on the defendant to impart correct information to
plaintiff; (2) that the information was incorrect; and (3) reasonable
reliance on the information' " (*Mandarin Trading Ltd. v Wildenstein*,
16 NY3d 173, 180, quoting *J.A.O. Acquisitions Corp. v Stavitsky*, 8
NY3d 144, 148, *rearg denied* 8 NY3d 939).  In this case, we agree with
MISC that plaintiffs failed to allege the requisite special
relationship between it and plaintiff Flaherty Funding Corporation
(Flaherty) to state a cause of action for negligent misrepresentation.

Plaintiffs alleged that MISC was "Flaherty's underwriter" with respect to the first loan and was "the underwriter" on the second loan. Moreover, in the evidentiary material submitted by plaintiffs in support of their complaint, Wells Fargo Bank, N.A. is listed as MISC's "client," not Flaherty. "Generally, a special relationship does not arise out of an ordinary arm's length business transaction between two parties" (*MBIA Ins. Corp. v Countrywide Home Loans, Inc.*, 87 AD3d 287, 296; *see Wright v Selle*, 27 AD3d 1065, 1067) and, here, we conclude that plaintiffs alleged, at most, that Flaherty and MISC had an ordinary business relationship (*see MBIA Ins. Corp.*, 87 AD3d at 296; *Niagara Foods, Inc. v Ferguson Elec. Serv. Co., Inc.*, 86 AD3d 919, 920). The court therefore erred in denying MISC's motion to dismiss the complaint against it (*see generally Guggenheimer v Ginzburg*, 43 NY2d 268, 275; *Grossman v Pharmhouse Corp.*, 234 AD2d 918, 919).

In light of our conclusion, we need not address MISC's remaining contentions.

Entered: April 26, 2013                    Frances E. Cafarell
                                           Clerk of the Court