■ Michael Rutkowski et al., Appellants, v First Horizon Home Loans, a Division of First Tennessee Bank N.A., Respondent. [984 NYS2d 897]—

Lahtinen, J.P. Appeal from an order of the Supreme Court (Meddaugh, J.), entered June 5, 2013 in Sullivan County, which granted defendant's motion to dismiss the amended complaint.

Plaintiffs received a $500,000 loan from defendant that was to be secured by a mortgage on their real property located at 143 Winston Drive in the Village of Monticello, Sullivan County. The property description for the mortgage mistakenly also included plaintiffs' adjoining property at 147 Winston Drive, and such error was not discovered until plaintiffs were negotiating to sell 147 Winston Drive for $650,000 in late 2009. Plaintiffs contacted defendant and, although the error was eventually corrected, the delay allegedly resulted in the prospective purchasers deciding not to buy the property. Plaintiffs commenced this action alleging numerous causes of action and defendant made a pre-answer motion to dismiss, which plaintiffs opposed only with respect to their causes of action for negligence and negligent misrepresentation. Supreme Court granted defendant's motion and plaintiffs appeal.

We affirm. Even giving plaintiffs the benefit of every possible favorable inference (*see e.g. Whitebox Concentrated Convertible Arbitrage Partners, L.P. v Superior Well Servs., Inc.*, 20 NY3d 59, 63 [2012]), we agree with Supreme Court that the negligence claim does not state a cause of action since plaintiffs failed to "allege[ ] [a] violation of a legal duty independent of the [parties'] contract" (*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 390 [1987]; *see Abacus Fed. Sav. Bank v ADT Sec.*

*Servs., Inc.*, 18 NY3d 675, 684-685 [2012]; *Weinstein v Natalie Weinstein Design Assoc., Inc.*, 86 AD3d 641, 643 [2011]). With regard to the negligent misrepresentation claim, "liability for negligent misrepresentation has been imposed only on those persons who possess unique or specialized expertise, or who are in a special position of confidence and trust . . . and an arm's length borrower-lender relationship . . . does not support a cause of action for negligent misrepresentation" (*Greenberg, Trager & Herbst, LLP v HSBC Bank USA*, 17 NY3d 565, 578 [2011] [internal quotation marks and citations omitted]; *see Flaherty Funding Corp. v Johnson*, 105 AD3d 1445, 1446 [2013]; *Dobroshi v Bank of Am., N.A.*, 65 AD3d 882, 884 [2009], *lv dismissed* 14 NY3d 785 [2010]). Here, the amended complaint does not allege facts establishing a relationship between the parties other than an ordinary mortgage loan transaction.

Stein, Garry and Rose, JJ., concur. Ordered that the order is affirmed, with costs.