# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**328**
**CA 15-01478**
PRESENT: SMITH, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.

---

SANDRA J. CROISDALE AND LAWRENCE CROISDALE,
PLAINTIFFS-RESPONDENTS,

V                                                              MEMORANDUM AND ORDER

ROBERT R. WEED AND LYOLA B. WEED,
DEFENDANTS-APPELLANTS.
(APPEAL NO. 1.)

---

HAGELIN KENT LLC, BUFFALO (SEAN SPENCER OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

GRECO TRAPP, PLLC, BUFFALO (DUANE D. SCHOONMAKER OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Niagara County
(Matthew J. Murphy, III, A.J.), entered April 27, 2015. The order,
insofar as appealed from, denied in part the motion of defendants for
summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Sandra J. Croisdale (plaintiff) and her husband
commenced this negligence action seeking damages for injuries she
allegedly sustained when the vehicle she was operating was struck by a
vehicle owned by defendants and operated by defendant Robert R. Weed.
Following discovery, defendants moved for summary judgment dismissing
the complaint on the ground that plaintiff did not sustain a serious
injury within the meaning of Insurance Law § 5102 (d), as partly
evidenced by a gap in plaintiff's treatment for her left knee, which
plaintiffs alleged had been injured in the accident. Supreme Court
granted the motion in part, dismissing plaintiffs' claims insofar as
they are based on injuries other than to plaintiff's left knee and
based on the significant limitation of use, permanent loss of use and
significant disfigurement categories of serious injury. The court
denied the motion, however, insofar as it sought dismissal of the
claim of serious injury to plaintiff's left knee under the permanent
consequential limitation of use category. Defendants' appeal from
that order is the subject of appeal No. 1. Defendants thereafter
moved for leave to renew the motion, contending that the deposition
transcript of one of plaintiff's treating physicians constituted new
facts not offered on the motion that would change the court's
determination, and that the deposition transcript was unavailable

before the motion was filed because plaintiffs' counsel failed to authorize defendants to obtain it.  The court denied the motion for leave to renew, concluding that defendants lacked a reasonable justification for not submitting the deposition transcript in support of the summary judgment motion and, in any event, that the deposition transcript would not have changed the court's determination of the motion.  Defendants' appeal from that order is the subject of appeal No. 2.  We affirm in both appeals.

We conclude that, although defendants contended in support of the motion that plaintiff's left knee injuries were preexisting and the result of a degenerative condition, "they failed to submit evidence establishing as a matter of law that the injuries were entirely [preexisting] . . . and were not exacerbated by the accident in question" (*Benson v Lillie*, 72 AD3d 1619, 1620; *see Linton v Nawaz*, 62 AD3d 434, 439, *affd* 14 NY3d 821; *Schreiber v Krehbiel*, 64 AD3d 1244, 1245).  In any event, even assuming, arguendo, that defendants met their initial burden, we conclude that plaintiffs raised triable issues of fact in opposition to the motion by submitting medical evidence that the tear in plaintiff's left lateral meniscus was caused by the accident, and that any preexisting condition suffered by plaintiff was aggravated by the accident (*see Roll v Gavitt*, 77 AD3d 1412, 1413).  We also conclude that plaintiffs provided a reasonable explanation for plaintiff's failure to seek medical treatment for her injuries in the six months after the accident (*see Cook v Peterson*, 137 AD3d 1594, 1597-1598; *Kellerson v Asis*, 81 AD3d 1437, 1438; *see generally Ramkumar v Grand Style Transp. Enters. Inc.*, 22 NY3d 905, 906-907).

Finally, we conclude that the court properly denied defendants' motion for leave to renew.  It is well settled that "[a] motion for leave to renew 'shall be based upon new facts not offered on the prior [application] that would change the prior determination' . . . , and 'shall contain reasonable justification for the failure to present such facts on the prior [application]' " (*Doe v North Tonawanda Cent. Sch. Dist.*, 91 AD3d 1283, 1284).  Here, defendants did not proffer a reasonable justification for their failure to submit the subject deposition transcript in support of their summary judgment motion (*see Jones v City of Buffalo Sch. Dist.*, 94 AD3d 1479, 1479; *cf. Pratcher v Hoadley*, 306 AD2d 907, 908) and, in any event, the deposition transcript "would [not have] change[d] the prior determination" (CPLR 2221 [e] [2]; *see Boreanaz v Facer-Kreidler*, 2 AD3d 1481, 1482).

Entered:  May 6, 2016                              Frances E. Cafarell
                                                  Clerk of the Court