Sheets v Kilbury (2021 NY Slip Op 04417)





Sheets v Kilbury


2021 NY Slip Op 04417


Decided on July 16, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, TROUTMAN, AND WINSLOW, JJ.


23 CA 20-00683

[*1]IRENE SHEETS AND JAMES E. SHEETS, PLAINTIFFS-APPELLANTS,
v
ALAINA MARIE KILBURY AND JEFFEREY J. KILBURY, DEFENDANTS-RESPONDENTS. 






MICHAEL P. STACY, ROCHESTER, FOR PLAINTIFFS-APPELLANTS. 
KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (BRENT C. SEYMOUR OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from a judgment of the Supreme Court, Monroe County (William K. Taylor, J.), entered October 22, 2019. The judgment, among other things, granted defendants' motion for summary judgment dismissing the complaint. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by denying the motion in part and reinstating the complaint, as amplified by the bill of particulars, with respect to the significant limitation of use, permanent consequential limitation of use and significant disfigurement categories of serious injury within the meaning of Insurance Law
§ 5102 (d) and granting that part of the cross motion for partial summary judgment on the issue of negligence, and as modified the judgment is affirmed without costs.
Memorandum: Irene Sheets (plaintiff) and her husband, James E. Sheets (collectively, plaintiffs), commenced this action seeking to recover damages for injuries plaintiff allegedly sustained when the vehicle that she was operating was rear-ended by a vehicle driven by Alaina Marie Kilbury (defendant) and owned by Jefferey J. Kilbury (collectively, defendants). Plaintiffs appeal from a judgment that, inter alia, granted defendants' motion for summary judgment dismissing the complaint. We agree with plaintiffs that Supreme Court erred in granting defendants' motion to the extent that the complaint, as amplified by the bill of particulars, alleges that plaintiff sustained a serious injury within the meaning of the significant limitation of use, permanent consequential limitation of use, and significant disfigurement categories of serious injury (see Insurance Law § 5102 [d]), and we therefore modify the judgment accordingly. We note that plaintiffs have abandoned their claims with respect to the 90/180-day and permanent loss of use categories of serious injury (see Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]).
Defendants failed to meet their initial burden on their motion of establishing that plaintiff did not sustain a serious injury as a result of the motor vehicle accident. On their motion, defendants contended that the alleged injuries sustained in the accident were preexisting and were not causally related to the accident (see Schreiber v Krehbiel, 64 AD3d 1244, 1245 [4th Dept 2009]). Defendants submitted the affirmed report of a physician who conducted an examination of plaintiff on behalf of defendants and opined that plaintiff's injuries were degenerative in nature and predated the accident in question. Defendants' physician, however, did not review plaintiff's medical imaging study from prior to the accident in question (cf. Roger v Soos, 175 AD3d 937, 938 [4th Dept 2019]), and did not address the possibility that plaintiff's condition was aggravated or exacerbated by the accident (see Karounos v Doulalas, 153 AD3d 1166, 1167 [1st Dept 2017]). In addition, the physician did not indicate that plaintiff had any complaints of cervical pain or limited range of motion in her cervical spine prior to the subject accident (cf. Boroszko v Zylinski, 140 AD3d 1742, 1744 [4th Dept 2016]; see also Endres v [*2]Shelba D. Johnson Trucking, Inc., 60 AD3d 1481, 1482-1483 [4th Dept 2009]). Thus, defendants " 'failed to submit evidence establishing as a matter of law that the injuries were entirely [preexisting] . . . and were not exacerbated by the accident in question' " (Croisdale v Weed, 139 AD3d 1363, 1364 [4th Dept 2016]). In light of defendants' failure to meet their initial burden on the motion, there is no need for us to consider the sufficiency of plaintiffs' opposition thereto (see Thomas v Huh, 115 AD3d 1225, 1226 [4th Dept 2014]).
We also agree with plaintiffs that the court should have granted that part of their cross motion for partial summary judgment on the issue of negligence, and we therefore further modify the judgment accordingly. Plaintiffs met their initial burden on their cross motion by establishing that the vehicle plaintiff was operating was rear-ended by the vehicle operated by defendant while plaintiff's vehicle was stopped in traffic, which presented a prima face case of negligence on the part of defendant (see Pitchure v Kandefer Plumbing & Heating, 273 AD2d 790, 790 [4th Dept 2000]). In opposition, defendants failed to submit the requisite nonnegligent explanation for the collision (see Rodriguez v First Student, Inc., 163 AD3d 1425, 1427 [4th Dept 2018]). Under the circumstances of this case, the "[e]vidence that plaintiff's lead vehicle was forced to stop suddenly in heavy traffic" does not constitute a nonnegligent explanation for the collision inasmuch as "it can easily be anticipated that cars up ahead will make frequent stops in [heavy] traffic" (Ruzycki v Baker, 301 AD2d 48, 50 [4th Dept 2002] [internal quotation marks omitted]).
Entered: July 16, 2021
Mark W. Bennett
Clerk of the Court