2006905 Ontario Inc. v Goodrich Aerospace Can., Ltd. (2023 NY Slip Op 06681)

2006905 Ontario Inc. v Goodrich Aerospace Can., Ltd.

2023 NY Slip Op 06681

Decided on December 22, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, GREENWOOD, AND NOWAK, JJ.

989 CA 22-01667

[*1]2006905 ONTARIO INC., PLAINTIFF-APPELLANT,
v
GOODRICH AEROSPACE CANADA, LTD., AND DINO SOAVE, DEFENDANTS-RESPONDENTS. 

ZDARSKY, SAWICKI & AGOSTINELLI LLP, BUFFALO (JOSEPH E. ZDARSKY OF COUNSEL), FOR PLAINTIFF-APPELLANT.
DAY PITNEY LLP, HARTFORD, CONNECTICUT (JOHN W. CERRETA OF COUNSEL), AND NASH CONNORS, P.C., BUFFALO, FOR DEFENDANTS-RESPONDENTS.

 Appeal from a judgment of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered September 21, 2022. The judgment dismissed the amended complaint upon a jury verdict. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for, inter alia, fraud allegedly arising from failed negotiations regarding the renewal of a contract to supply parts. Plaintiff appeals from a judgment dismissing the amended complaint upon a jury verdict in favor of defendants. Plaintiff's appeal brings up for review both that part of an order granting defendants' pretrial motion to dismiss insofar as it sought to dismiss the negligent misrepresentation and fraudulent concealment causes of action alleged in the amended complaint and an order denying plaintiff's posttrial motion for judgment notwithstanding the verdict on the first element of the fraud cause of action or, in the alternative, to set aside the verdict and for a new trial on that cause of action (see CPLR 5501 [a] [1], [2]). We affirm.
Contrary to plaintiff's contention, we conclude that Supreme Court (Chimes, J.) properly dismissed, pursuant to CPLR 3211 (a) (7), the negligent misrepresentation and fraudulent concealment causes of action alleged in the amended complaint. Plaintiff failed to allege the requisite special relationship between it and defendant Goodrich Aerospace Canada, Ltd. (Goodrich) to state a cause of action for negligent misrepresentation. " 'Generally, a special relationship does not arise out of an ordinary arm's length business transaction between two parties' " (Flaherty Funding Corp. v Johnson, 105 AD3d 1445, 1446 [4th Dept 2013]; see Wright v Selle, 27 AD3d 1065, 1067 [4th Dept 2006]) and, here, we conclude that plaintiff alleged, at most, that it and Goodrich had an ordinary business relationship (see Flaherty Funding Corp., 105 AD3d at 1446). For the same reason, plaintiff failed to state a cause of action for fraudulent concealment (see Lantau Holdings Ltd. v Orient Equal Intl. Group Ltd., 161 AD3d 714, 714-715 [1st Dept 2018]; see also Dreamco Dev. Corp. v Empire State Dev. Corp., 191 AD3d 1444, 1445-1446 [4th Dept 2021]).
Next, we reject plaintiff's contention that the court (Walker, A.J.), in ruling upon defendants' motion in limine, erred in precluding plaintiff from introducing evidence of certain prior bad acts allegedly committed by defendant Dino Soave. " '[T]rial courts are accorded wide discretion in making evidentiary rulings [and], absent an abuse of discretion, those rulings should not be disturbed on appeal' " (Mazella v Beals, 27 NY3d 694, 709 [2016]; see Golimowski v Town of Cheektowaga [appeal No. 2], 184 AD3d 1195, 1197 [4th Dept 2020]). Here, we conclude that the court did not abuse its discretion in its ruling inasmuch as the probative value [*2]of evidence regarding Soave's purported professional misconduct nearly 23 years prior to trial during his employment with another company would not have outweighed the risk of undue prejudice (see Siemucha v Garrison, 111 AD3d 1398, 1399-1400 [4th Dept 2013]; Bodensteiner v Vannais, 167 AD2d 954, 954 [4th Dept 1990]; see generally Mazella, 27 NY3d at 709) and the limited precluded portion of the otherwise admissible evidence regarding Soave's termination from Goodrich lacked the requisite "tendency to show moral turpitude to be relevant on the [issue of Soave's] credibility" (Badr v Hogan, 75 NY2d 629, 634 [1990]; see Delgado v Murray, 115 AD3d 417, 418 [1st Dept 2014]).
Contrary to plaintiff's further contention, we conclude that any error by the court in allowing defendants' counsel to ask leading questions of Soave was harmless in this case (see Dees v MTA N.Y. City Tr., 178 AD3d 633, 634 [1st Dept 2019], lv denied 36 NY3d 906 [2021]). Plaintiff failed to preserve for our review its related challenge to the court's questioning of Soave (see Fingerlakes Chiropractic v Maggio, 269 AD2d 790, 792 [4th Dept 2000]) and, in any event, we conclude that the court's "questions to [the] witness[ ] did not deprive [plaintiff] of a fair trial, inasmuch as those questions sought only to clarify the testimony, and there was no indication of prejudice or bias against plaintiff" (Fiebiger v Jay-K Lbr., Inc., 81 AD3d 1311, 1312 [4th Dept 2011]; see Tornatore v Cohen, 162 AD3d 1503, 1506 [4th Dept 2018]).
We reject plaintiff's contention that the court erred in denying that part of its posttrial motion seeking to set aside the verdict as against the weight of the evidence (see CPLR 4404 [a]). It is well settled that a verdict in favor of a defendant may be set aside as against the weight of the evidence only if "the evidence so preponderate[d] in favor of the [plaintiff] that [the verdict] could not have been reached on any fair interpretation of the evidence" (Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995] [internal quotation marks omitted]; see DeFisher v PPZ Supermarkets, Inc., 186 AD3d 1062, 1063-1064 [4th Dept 2020]). The determination of a motion to set aside a verdict as against the weight of the evidence "is addressed to the sound discretion of the trial court, but if the verdict is one that reasonable persons could have rendered after receiving conflicting evidence, the court should not substitute its judgment for that of the jury" (Ruddock v Happell, 307 AD2d 719, 720 [4th Dept 2003]; see McMillian v Burden, 136 AD3d 1342, 1343 [4th Dept 2016]; Sauter v Calabretta, 103 AD3d 1220, 1220 [4th Dept 2013]). "[I]t is within the province of the jury to determine issues of credibility, and great deference is accorded to the jury given its opportunity to see and hear the witnesses" (McMillian, 136 AD3d at 1343-1344 [internal quotation marks omitted]; see Sauter, 103 AD3d at 1220). Based upon our review of the record, we conclude that the jury's findings "reasonably could have been rendered upon the conflicting evidence adduced at trial" (Ruddock, 307 AD2d at 721), and thus that the court properly denied plaintiff's posttrial motion insofar as it sought to set aside the jury verdict as against the weight of the evidence (see Rew v Beilein [appeal No. 2], 151 AD3d 1735, 1738 [4th Dept 2017]).
Contrary to plaintiff's contention, we conclude that the court properly denied its posttrial motion insofar as it sought judgment notwithstanding the verdict on the first element of the fraud cause of action (see CPLR 4404 [a]). Inasmuch as it cannot be said that there is "no valid line of reasoning and permissible inferences which could possibly lead rational [persons] to the conclusion reached by the jury on the basis of the evidence presented at trial" (Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]), plaintiff is not "entitled to judgment as a matter of law" (CPLR 4404 [a]).
Finally, in light of our determination sustaining the verdict, plaintiff's contention that the court erred in granting defendants' motion during trial for a directed verdict (see CPLR 4401) dismissing any claim for punitive damages is academic (see generally Mahoney v Adirondack Publ. Co., 71 NY2d 31, 40-41 [1987]; Lehoczky v New York State Elec. & Gas Corp., 149 AD2d 862, 864 [3d Dept 1989]).
Entered: December 22, 2023
Ann Dillon Flynn
Clerk of the Court