Blatner v Swearengen (2025 NY Slip Op 03880)

Blatner v Swearengen

2025 NY Slip Op 03880

Decided on June 27, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, GREENWOOD, AND KEANE, JJ.

250 CA 24-00001

[*1]MELISSA A. BLATNER, PLAINTIFF-APPELLANT,
v
MICHELLE ANN SWEARENGEN, ET AL., DEFENDANTS, AND MARISSA E. WROBLEWSKI, DEFENDANT-RESPONDENT. 

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFF-APPELLANT.
CHELUS, HERDZIK, SPEYER & MONTE, P.C., BUFFALO (CANIO J. MARASCO, III, OF COUNSEL), FOR DEFENDANT-RESPONDENT.

 Appeal from a judgment of the Supreme Court, Erie County (Joseph C. Lorigo, J.), entered December 1, 2023. The judgment dismissed the complaint against defendant Marissa E. Wroblewski upon a jury verdict. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs, the posttrial motion is granted in part with respect to the issue of negligence, the verdict is set aside, the complaint is reinstated against defendant Marissa E. Wroblewski, and the matter is remitted to Supreme Court, Erie County, for a trial with respect to Wroblewski on the issue of proximate cause and, if necessary, damages.
Memorandum: Plaintiff commenced this action to recover damages for personal injuries that she sustained in a chain-reaction motor vehicle collision where defendant Marissa E. Wroblewski (defendant)—the rear-most driver in the chain—collided with another vehicle, which in turn collided with plaintiff's vehicle. During the ensuing jury trial, after resting her case, but before defendant presented evidence in her defense, plaintiff moved for a directed verdict against defendant, which Supreme Court denied. Ultimately, the jury returned a verdict finding that defendant was not negligent. Plaintiff moved to set aside the verdict pursuant to CPLR 4404, requesting that the court either direct judgment in her favor on the issue of liability against defendant or, alternatively, that it grant a new trial to that extent. The court denied the posttrial motion. Plaintiff appeals from a judgment entered in favor of defendant in accordance with the jury's verdict.
Initially, plaintiff contends that the court erred in denying her motion for a directed verdict at trial. We reject that contention. CPLR 4401 provides in relevant part that "[a]ny party may move for judgment . . . after the close of evidence presented by an opposing party" (emphasis added). Here, it is undisputed that plaintiff moved for a directed verdict at the close of her case-in-chief, which was before defendant—i.e., the opposing party—had the opportunity to present any evidence. Plaintiff did not move again for a directed verdict after defendant rested. Consequently, we conclude that plaintiff's motion was properly denied inasmuch as it was premature (see Veley v Manchester [appeal No. 2], 191 AD3d 1384, 1385-1386 [4th Dept 2021]; Griffin v Clinton Green S., LLC, 98 AD3d 41, 44, 46-47 [1st Dept 2012]).
We nevertheless agree with plaintiff that the court erred in denying that part of her posttrial motion for judgment as a matter of law on the issue of defendant's negligence (see generally CPLR 4404 [a]). A party is entitled to judgment notwithstanding the verdict where there is "no valid line of reasoning and permissible inferences which could possibly lead rational [persons] to the conclusion reached by the jury on the basis of the evidence presented at trial" (Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]; see 2006905 Ontario Inc. v Goodrich Aerospace Can., Ltd., 222 AD3d 1436, 1439 [4th Dept 2023], lv denied 42 NY3d 904 [2024]). [*2]As relevant here, "[t]he rearmost driver in a chain-reaction collision bears a presumption of responsibility . . . , and . . . a rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence with respect to the operator of the moving vehicle, and imposes a duty on the operator of the moving vehicle to come forward with an adequate, [nonnegligent] explanation for the accident" (Gustke v Nickerson, 159 AD3d 1573, 1574-1575 [4th Dept 2018], lv denied in part & dismissed in part 32 NY3d 1048 [2018] [internal quotation marks omitted]; see Senycia v Vosseler, 217 AD3d 1520, 1521-1522 [4th Dept 2023]; Zanghi v Doerfler, 158 AD3d 1275, 1276 [4th Dept 2018]).
Here, the evidence at trial established that, at the time of the collision, plaintiff and defendant were driving in "stop-and-go" traffic during rush hour on a "wet, [d]rizzly" morning. Plaintiff testified that, at the time of the collision, she had come to a stop because the vehicle in front of her had stopped. Defendant testified that the collision occurred when the vehicle in front of her suddenly stopped; she thought the middle vehicle hit plaintiff's vehicle first. Defendant tried to turn her vehicle to avoid the collision, but was unsuccessful and collided with the middle vehicle. The driver of the middle vehicle in the chain testified that plaintiff's vehicle stopped suddenly. He denied initially colliding with plaintiff's vehicle; it was only after he was hit by defendant that his vehicle collided with plaintiff's vehicle. In short, the undisputed evidence at trial established that defendant was the rear-most driver involved in the chain-reaction collisions and, therefore, is presumed negligent absent the proffering of a nonnegligent explanation for the collision. We conclude that there is no valid line of reasoning and permissible inferences establishing such a nonnegligent explanation based on the trial record here. Specifically, under the circumstances of this case, the " '[e]vidence that plaintiff's lead vehicle was forced to stop suddenly in [stop-and-go] traffic' " did not constitute a nonnegligent explanation for the collision sufficient to support the jury's verdict inasmuch as " 'it can easily be anticipated that cars up ahead will make frequent stops in [stop-and-go] traffic' " (Ruzycki v Baker, 301 AD2d 48, 50 [4th Dept 2002]; see Sheets v Kilbury, 196 AD3d 1096, 1098 [4th Dept 2021]; Shulga v Ashcroft, 11 AD3d 893, 894 [4th Dept 2004]).
Consequently, we reverse the judgment, grant the posttrial motion in part with respect to the issue of defendant's negligence, set aside the verdict, and reinstate the complaint against defendant (see generally Misicki v Caradonna, 12 NY3d 511, 519 [2009]). We remit the matter to Supreme Court for a trial with respect to defendant on the issue of proximate cause and, if necessary, damages.
In light of our determination, plaintiff's remaining contention is academic.
Entered: June 27, 2025
Ann Dillon Flynn
Clerk of the Court